IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S, <br><br> Plaintiff, <br><br> v. <br><br> CONTOUR 5151 ONH, LLC, a Georgia limited liability company d/b/a OLD NATIONAL DISCOUNT MALL; PRETAS DEDVUKAJ a/k/a PETER DEDVUKAJ; ABC CORPS. 1-10; and JOHN DOES 1-10, individually <br><br> Defendants. | Civil Action No. <br> 1:23-cv-02818-VMC |

**ORDER**

This matter is before the Court on two discovery disputes raised by Defendant Peter Dedvukaj. First, Mr. Dedvukaj asks this Court to resolve a dispute arising out of Mr. Dedvukaj's 30(b)(6) Deposition Notice of Plaintiff Louis Vuitton. Second, Mr. Dedvukaj requests that this Court compel Louis Vuitton to transport Goods in its possession from New York to Atlanta in response to his Second Request for Production of Documents. The Court denies both requests.

On August 14, Mr. Dedvukaj served a 30(b)(6) Notice on Louis Vuitton requesting that Louis Vuitton designate a witness to testify to 37 topics, some of which Mr. Dedvukaj concedes were duplicative of those found in the 30(b)(6)

notice served by Contour. Mr. Dedvukaj asks the Court to compel Louis Vuitton to respond to "all of the topics" that he noticed and has not since withdrawn, including those covered by Louis Vuitton in previously conducted 30(b)(6) depositions. In his request, Mr. Dedvukaj fails to identify any specific gaps in the prior testimony that would justify revisiting those topics. Nor does he explain why the additional testimony sought is not "unreasonably cumulative or duplicative" or could "be obtained from other source that is more convenient, less burdensome or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Mr. Dedvukaj correctly interprets the Court's April 11, 2025 Order, which granted his request to conduct discovery related to the claims against him. (Doc. 115). Nonetheless, that discovery is still subject to the general principles noted above. Without more specific information, the Court declines to subject Louis Vuitton to Mr. Dedvukaj's redundant requests.

Second, the Court denies Mr. Dedvukaj's request to compel Louis Vuitton to transport the relevant goods from New York to this district as unduly burdensome. Louis Vuitton has agreed to make the goods available to Mr. Dedvukaj to inspect at its premises in New York. *See* Fed. R. Civ. P. 34(a)(2). Mr. Dedvukaj does not explain why he could not inspect the goods in New York.

Therefore, for the reasons articulated above, the Court **DENIES** Mr. Dedvukaj's requests to compel Louis Vuitton to (1) provide testimony on "all of

2

the topics" noticed that have not since been withdrawn; and (2) to transport the relevant goods from New York to Georgia for Mr. Dedvukaj's inspection.

**SO ORDERED** this 29th day of August, 2025.

                                            Victoria Marie Calvert
                                            United States District Judge