**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LOUIS VUITTON MALLETIER, S.A.S., )
)
    **Plaintiff,** )
)
vs. )      **CASE NUMBER**
)      **1:23-cv-02818-VMC**
CONTOUR 5151 ONH, LLC, a Georgia )
Limited liability company d/b/a )
OLD NATIONAL DISCOUNT MALL; )
PRETAS DEDVUKAJ; )
ABC CORPS. 1-10; and JOHN DOES )
1-10 individually, )
)
    **Defendants.** )

**DECLARATION OF LAUREN TOWELL IN SUPPORT OF
DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

I, Lauren Towell, declare under penalty of perjury that that the foregoing is true and correct:

1. My name is Lauren (Ren) Towell and I am competent in all respects to testify to the matters set forth herein. I have personal knowledge of the facts stated and know them to be true, and I give this declaration freely and for use as evidence in support of Contour 5151 ONH, LLC's ("Contour") Response in Opposition to Plaintiff's Supplemental Brief in Support of Motion for Sanctions, filed concurrently herewith in the above-styled case.

1

2.      I am an associate in the Atlanta office of Stites & Harbison, PLLC. My firm has represented Contour in the above-captioned case since July 30, 2025.

3.      I helped to coordinate the production of various documents on behalf of Marshal Rhodes. In an effort to err on the side of providing full context and avoid needless discovery disputes, nearly every single text message between Rhodes and Contour-affiliated individuals (as identified by Plaintiff's counsel)[1] was produced in its entirety.[2]

4.      Except for a limited number of communications which were determined to be highly personal in nature, none of Rhodes text messages with the Contour-affiliated individuals were withheld based on a determination of relevance to the issues of this case.

5.      To aid in Contour Response in Opposition to Plaintiff's Supplemental Brief in Support of Motions for Sanctions, I conducted an analysis of the text messages that were produced as part of the Rhodes production that allegedly could have been produced earlier in the litigation by a Contour Custodian.[3] The purpose of this analysis was to determine whether these documents (at least arguably) should have

---

[1] List of "contour-affiliated individuals" agreed as part of the Marshal Rhodes search, attached as Exhibit 1.
[2] Email from me to Ecker, attached as Exhibit 2.
[3] Defendant Dedvukaj, Carla Henderson, Latasha Dia, David Dedvukaj, and Marcus Foucha, and Nora Prekelezaj.

2

been produced earlier under the terms of the agreed-upon search protocol and thus present the Court with

6.    The analysis proceeded as follows: (Step One) I enlisted the help of an e-discovery specially to apply the same search protocol and list of search terms to the Rhodes production that was used in the Contour Custodian productions. *See* Doc. 161-4 at pgs. 2-4. (Step Two) said e-discovery specialist eliminated any text messages that were present in both productions; (Step Three) said e-discovery specialist eliminate any text thread which did not include at least one Contour Custodian as a recipient.

7.    Once that analysis was completed, I found that there were 329 text message documents that were part of the Rhodes production that, at one point in time, should have existed on the phone of at least one other Contour Custodian and which would have been identified for review based on an application of the agreed-upon search protocol and search terms that was used in the Contour Custodian productions. *See* 161-4 at pgs. 2-4.

8.    Next, I conducted a review of these 329 text messages to make a determination of whether these messages (if they had been collected from the Contour Custodians) would have been produced based on my review of Plaintiff's original document requests as well as Contour's responses and objections, and

3

found that 18 of those messages were arguably responsive and relevant to the

issues of this litigation. Thomas J. Mihill participated in this review.[4]

Dated: February 4, 2024

Lauren (Ren) Towell

---

[4] A list of those 18 documents identified as at least *arguably* producible following this post-hoc review is attached as Exhibit 3.

# Exhibit 1

| | |
|---|---|
| **From:** | Ecker, Joseph <jecker@steptoe.com> |
| **Sent:** | Monday, September 22, 2025 6:03 PM |
| **To:** | Velma Shanks; Rayne Ellis; Mihill, Thomas |
| **Cc:** | Allan, Michael; john@zacharialaw.com; Jurrens, Cannon; [MtrDist] LV-Contour; jls_strongh2o.com; Hawkins, Jack; Swiger, Joshua; Long, Evan I.; Sager, Rick; Cahill, Julie; Towell, Ren; Nate Juster |
| **Subject:** | RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes |
| **Attachments:** | Ex. A- Agreed Search Terms for Marshal Rhodes document collection and production.pdf |

Dear Ms. Shanks,

Pursuant to the Court's September 12 Order, counsel for Louis Vuitton and Ms. Rhodes conferred on September 17 and also corresponded by email. The joint statement below reflects certain agreements reached by both sides regarding the scope and timeline of document production from Ms. Rhodes, as well as areas of disagreement that require Court intervention.

**Areas of Agreement**

*Emails*

Rhodes' counsel engaged a discovery vendor ArcherHall to collect and fully image Rhodes' personal Gmail data, which includes anything that existed in Rhodes' "inbox", "sent," and "trash" folders as of the day it was collected on September 8, 2025. For the data that was collected, Rhodes' counsel is running search terms agreed to between both sides (attached as Ex. A) for the time period of January 2019 to present across all collected email data. The parties are also working cooperatively to remove certain emails from the review field that are not relevant to this case, such as advertising and spam mail.

The collection includes any emails that are currently in Ms. Rhodes' "trash" folder, but the collection does not include emails that were placed in the "trash" folder more than 30 days before the collection on September 8, based on Google's own retention policies. Rhodes' counsel has advised that, based on their understanding of Google's policy, any emails deleted by Rhodes are automatically deleted from the trash folder after 30 days (as of September 8, 2025) and cannot be captured via e-discovery methods. Based on communications with Rhodes' ediscovery vendor, Rhodes's counsel does not believe such information can be collected by Google directly, or by any other means. Moreover, Rhodes' counsel advised that Rhodes does not have any settings in place that could have preserved deleted emails or otherwise might make deleted emails recoverable. For this reason, both sides agree that a subpoena or Court Order to Google would likely not result in these deleted emails being recovered. Should the production of settings related information from the imaged Gmail data reflect something different, Louis Vuitton will raise that issue with the Court.

*Texts*

Rhodes' counsel's discovery vendor also obtained a full and complete image of Rhodes' personal cell phone as of the collection date of September 8, 2025, which includes text data, settings used for text and other apps, and all other information stored on her phone.

Both sides are working cooperatively to apply the same search terms used for emails (as modified by Louis Vuitton) to texts, as well as to search and produce the full texts chains between Rhodes and certain individuals for the timeframe of January 2019 to present. These individuals include:

1

- (1)  certain current and former Contour personnel including Peter Dedvukaj, Latasha Dia, Carla Henderson, Marcus Foucha, David Dedvukaj, Nora Prekelezaj, Amanda Rivera, and personnel named "Raquel," "Camilla," and "Jelisia" identified by Rhodes in her deposition,
- (2) certain Contour security guards identified in the subpoena's documents requests including Gregroy Rhodes, Taylor Robinson, Bryan Graham (aka "Bama"), Antonio Carr (aka "Roc"), and Asani Ansine (aka "Nani").
- (3) certain tenants and known affiliates for certain business and persons listed in the subpoena including but not limited to DS Hip Hop Clothing (Antonio Silva); Farooq International (Muhamadou Tankara); Solo Fashion, K-Palace, BT Apparel (Suliman Sillah (aka Sulimane Sillah); B&Z Fashion, DL Fashion, Barry Fashion, Belco Fashion, Baben's Fashion, Shoe Emporium, and Felko Style (Mamoudou Diallo (aka "Yaya")); Marieme Fashion, Lala Fashion, Touba Darmako (Mamadou Sougou (aka "Griff")); KB Fashion, Diallo Fashion, Diallo Collection 2, Fatoumata Collections, and Western Africa Express (Boubacar Diallo ("Bouba")); Mangoya Fashion LLC (Umar Bah); Instyle Fashion (Shamshad Rupani); Fruits, Clothing, and more (Sadio Dabo).
- (4) certain of Rhodes'/Contour's former counsel and Contour's inhouse counsel including Gregory Taube, Lucas Westby, and Paul Bargamian, and
- (5) the whistleblower who accused Rhodes of accepting bribes and texted Latasha Dia.

To the extent that Rhodes's counsel withholds any responsive documents on the basis of privilege, a privilege log will be produced.

Both sides will work cooperatively to identify the phone numbers for identified individuals, including with the assistance of Rhodes and Contour's personnel given that Rhodes deleted certain contacts from her cellphone and that Contour's files are not complete.

The image of Rhodes' phone by the discovery vendor does not include text messages or chains that were deleted prior to the collection date of September 8, 2025. Rhodes' counsel again advised that iCloud backups of Rhodes' data, including texts that were deleted, are not recoverable beyond backups from the prior 2-3 days at any given time. In addition, Rhodes does not have any settings in place that could have preserved deleted texts and contacts or otherwise might make deleted texts emails recoverable.  Therefore, no iCloud backups or deleted texts from before September 8, 2025 can be recovered via an e-discovery collection. Both sides agree that a subpoena or Court Order to Apple is unlikely to result in these deleted texts being recovered.   Should the production of settings related information from the imaged phone reflect something different, Louis Vuitton will raise that issue with the Court.

*Timing and Subsequent Discovery and Briefing*
Louis Vuitton and Rhodes's counsel agree that some time will be required to complete the above discovery. Rhodes's counsel agrees to produce all documents and data by October 10. To the extent additional time is required, the parties will confer in good faith and inform the Court. Both sides also agree that additional deposition time of Ms. Rhodes may be required pending completion of document production.

**Areas of Disagreement requiring Court intervention**
Given Louis Vuitton's position that Ms. Rhodes had an obligation to preserve (and not to delete) information related to this case and to her subpoena, Louis Vuitton believes that additional spoliation/sanctions briefing is necessary following resolution of any discovery from Ms. Rhodes to address deleted texts and emails, as well as discovery that may be received from Rhodes as it relates to Contour. Louis Vuitton will update the Court following resolution of the above discovery efforts regarding any proposed additional briefing.

Respectfully submitted,
*Counsel for Louis Vuitton*

**Joseph Ecker**
Associate

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Sent:** Thursday, September 18, 2025 10:26 AM
**To:** Ecker, Joseph <jecker@steptoe.com>; Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>; Mihill, Thomas <tjmihill@stites.com>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>; Nate Juster <Nathan_Juster@gand.uscourts.gov>
**Subject:** [EXTERNAL] RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

Good morning counsel,

The Court is fine with the extension the parties' requested.

**Warm Regards,**

**Velma Shanks**
**Courtroom Deputy Clerk**
**To the Honorable Victoria M. Calvert**
**United States District Court NDGA**
**404-215-1394**

**Your Attitude Determines Your Altitude!**

---

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Wednesday, September 17, 2025 6:06 PM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>; Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>; Mihill, Thomas <tjmihill@stites.com>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>; Nate Juster <Nathan_Juster@gand.uscourts.gov>; Velma Shanks <Velma_Shanks@gand.uscourts.gov>

3

**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

CAUTION - EXTERNAL:

Dear Ms. Shanks,

Per the below email from Ms. Ellis and the Court's corresponding September 12 Order, counsel for Louis Vuitton and Ms. Rhodes conferred today and are working to resolve disputes related to Ms. Rhodes' document production. Both sides believe that certain issues can be resolved without Court intervention. Both sides also respectfully request a brief extension to submit a more fulsome joint statement to the Court by Monday, instead of 10am ET tomorrow, so that the sides can investigate and attempt to resolve a few remaining areas of dispute discussed on today's meet and confer before bringing any issues to the Court.

Thank you,
*Counsel for Louis Vuitton*

**Joseph Ecker**
Associate

**Steptoe**
Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>
**Sent:** Friday, September 12, 2025 3:49 PM
**To:** Ecker, Joseph <jecker@steptoe.com>; Mihill, Thomas <tjmihill@stites.com>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>; Nate Juster <Nathan_Juster@gand.uscourts.gov>; Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Subject:** [EXTERNAL] RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

Dear Counsel,

Thank you for your statements. Mr. Ecker raises valid questions/concerns that Judge Calvert thinks counsel should be able to meet and confer about in the next few days without the Court's involvement. That discussion should include the scope of data that was captured from Ms. Rhodes's phone and Gmail account, agreement about the search terms that are being used, and a timeline to produce responsive non-privileged documents to Plaintiff's counsel. Until that is done, Plaintiff's requests for orders from Apple and Google or for leave to file additional spoliation briefing are premature. The Court believes counsel for Ms. Rhodes agreed to keep Ms. Rhodes's deposition open pending the document review, so Judge Calvert does not think there is disagreement there.

Please email Ms. Shanks an update regarding your conferral by 10:00 a.m. on Thursday, September 18. It can be either a joint statement or separate statements regarding any areas of disagreement. If necessary, we can have a phone call during the afternoon on Friday, September 19. An order memorializing the Court's instructions will be entered onto the docket.

Thank you,
Rayne

**Rayne Ellis**
Law Clerk to the Honorable Victoria M. Calvert
2125 United States Courthouse
75 Ted Turner Dr, SW
Atlanta, GA 30303-3309
Phone: 404-215-1393
rayne_ellis@gand.uscourts.gov (she/her/hers)

---

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Friday, September 12, 2025 2:10 PM
**To:** Mihill, Thomas <tjmihill@stites.com>; Velma Shanks <Velma_Shanks@gand.uscourts.gov>; Nate Juster <Nathan_Juster@gand.uscourts.gov>; Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

<mark>**CAUTION - EXTERNAL:**</mark>

Dear Ms. Shanks,

Louis Vuitton responds to Ms. Rhodes' status update per the Court's Order.

With respect to emails and text messages that were deleted, Rhodes' counsel's statement does not address what is meant by the "Gmail cloud account" and whether that collection encompasses emails that Rhodes testified she deleted since at least last year. If it does not, Louis Vuitton requests an order permitting full discovery from Google of Ms. Rhodes' Gmail data as requested during the hearing.

Regarding the iCloud account, it is unclear from counsel's unsupported statements from unknown vendors whether the vendor is actively taking steps to retrieve iCloud data. If the vendor is doing so, Rhodes should be ordered to produce to Louis Vuitton, within a matter of days, a detailed explanation in writing as to exactly what is being done to retrieve the iCloud data (and why) so Louis Vuitton can evaluate the propriety of those efforts. If the vendor is not collecting such data, or is doing so in an incomplete or insufficient way, Louis Vuitton requests an order permitting full discovery from Apple of Ms. Rhodes' iCloud data to confirm what data still exists for production.

Both efforts (Apple and Google) should be paid at Ms. Rhodes' expense (for which Contour is actually paying pursuant to a contract between Contour and Rhodes) for both Contour and Rhodes' failure to properly preserve this highly relevant evidence. To the extent the Court deems it necessary, as discussed during the hearing, a taint team can be used to filter out purportedly irrelevant/private messages, again at Rhodes'/Contour's expense.

With respect to emails and text messages that have been recovered, Ms. Rhodes' counsel's unilateral decision to apply some set of unknown search terms is wholly improper. There has been no discussion, much less agreement, by the parties of what search terms (if any) are appropriate to limit what is searched and produced. In fact, Rhodes' counsel previously offered to search for and produce all texts from Contour personnel and numbers of tenants at the Market. This lack of discussion has been the result of Ms. Rhodes' and her counsel's repeated

5

representations that she has no documents and unwillingness to share any information about what efforts were taken to search up until now. Louis Vuitton requests the opportunity to confer with Rhodes' counsel regarding search parameters, after which Louis Vuitton can report to the Court and raise any disputes over search parameters.

Finally, as a result of the above issues and others addressed at the September 8 hearing, Louis Vuitton reserves the right to seek additional deposition time with Ms. Rhodes and/or additional spoliation briefing. Louis Vuitton respectfully requests leave to do so following resolution of pending discovery from Ms. Rhodes. The Court should also impose strict deadlines for Rhodes and her counsel to complete these discovery efforts to prevent any further delay in the schedule of this case, particularly given that these discovery efforts should have been completed long ago when Rhodes first retained counsel on March 6.

Respectfully submitted,
*Counsel for Louis Vuitton*

**Joseph Ecker**
Associate

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Mihill, Thomas <tjmihill@stites.com>
**Sent:** Thursday, September 11, 2025 3:12 PM
**To:** Ecker, Joseph <jecker@steptoe.com>; Velma Shanks <Velma_Shanks@gand.uscourts.gov>; Nate Juster <Nathan_Juster@gand.uscourts.gov>; Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>
**Subject:** [EXTERNAL] RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

Per the Court's order, below is our report on the e-discovery process.

We were able to successfully capture Ms. Rhodes's phone and Gmail account on Monday, September 8. It was a large amount of data, so we worked with our vendor to upload it into an e-discovery database, and the information has been fully uploaded and processed as of this morning.

Th email data capture was from the Gmail cloud account, so that cloud information is already included in the captured data.  As it relates to the iCloud account, our e-discovery vendor informed us that it is not always even possible to capture any backup files that have been saved to the cloud. Apparently, whether Apple allows this sort of collection varies "week to week," according to their experience.  However, even if we were able to get Apple to allow us to access the iCloud data, it is unlikely to provide any additional data other than that which we have recovered.  Our vendor has advised that the "backup" that is saved to the cloud is just a snapshot of whatever was on the phone at the end of that day, and it overwrites itself every day, so long as the phone is plugged in and on a trusted (i.e., home) network. According to their experience, at most, iCloud may have the most recent 24-48 hours of information that could be distinct from the phone itself.

As for timeline of production, Ms. Rhodes had a significant amount of data captured and uploaded.  The raw data comprised 106,559 email files and 51,100 phone files, specifically phone logs, texts, and media in texts.  Applying the search terms relevant to Plaintiff's subpoena and this litigation has resulted in 31,475 documents with hits. We are continuing to try to reduce false hits (for example, the word "Market" has over 10,000 hits but a spot search shows that many, if not most, are communications about the status of the housing market, job market, or stock market).  If we can reduce the false hits significantly, we may be able to produce the documents in less time, but in the interest of a full and accurate review and production, we expect to complete our review by the end of the month.


**Thomas J. Mihill**
*Member*
*Direct: 404-739-8891*
*Fax: 404-739-8894*
*tmihill@stites.com*

**STITES&HARBISON** PLLC
303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, GA 30308

**About Stites & Harbison** | **Bio** | **V-Card**

**LinkedIn**
*Please consider the environment before printing this email.*

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

---

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Monday, September 8, 2025 12:48 PM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>; Nate Juster <Nathan_Juster@gand.uscourts.gov>; Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Mihill, Thomas <tjmihill@stites.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

Good afternoon Ms. Shanks, Mr. Juster, and Ms. Ellis,

Please find attached the full transcript of Marshal Rhodes' deposition as requested by Judge Calvert during today's discovery conference. Please note that the file labeled "excerpt" is a small portion of testimony excised from the full transcript (labeled "redacted") which was designated under the protective order.

Thank you,


**Joseph Ecker**
Associate

7

# Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Nate Juster <Nathan_Juster@gand.uscourts.gov>
**Sent:** Friday, September 5, 2025 3:17 PM
**To:** Mihill, Thomas <tjmihill@stites.com>; Ecker, Joseph <jecker@steptoe.com>; Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>; Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>
**Subject:** [EXTERNAL] RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

Received, thank you,

---

**From:** Mihill, Thomas <tjmihill@stites.com>
**Sent:** Friday, September 5, 2025 3:15 PM
**To:** Nate Juster <Nathan_Juster@gand.uscourts.gov>; Ecker, Joseph <jecker@steptoe.com>; Rayne Ellis <Rayne_Ellis@gand.uscourts.gov>; Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

**CAUTION - EXTERNAL:**

Mr. Juster, I just realized you were not on this original email. I had replied to this email to consolidate documents and responses as requested. Please see below and attached.

**Thomas J. Mihill**
*Member*
*Direct: 404-739-8891*
*Fax: 404-739-8894*
*tmihill@stites.com*

## STITES&HARBISON PLLC

303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, GA 30308

**About Stites & Harbison | Bio | V-Card**

**LinkedIn**
*Please consider the environment before printing this email.*

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

**From:** Mihill, Thomas
**Sent:** Friday, September 5, 2025 3:04 PM
**To:** Ecker, Joseph <jecker@steptoe.com>; rayne_ellis@gand.uscourts.gov; Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

Counsel for Ms. Rhodes hereby responds to Plaintiff's request for sanctions against her. As an initial matter, Plaintiff omits or misstates certain facts. For example, Plaintiff states that Ms. Rhodes sent texts to counsel a week before the deposition but that the texts had not been produced and were still being withheld. This is inaccurate. Ms. Rhodes testified that she *thought* she had sent them prior to the deposition, but counsel confirmed they had not been received. (Plaintiff's A-3, at 65-66). After continued technical issues on Ms. Rhodes's end, we finally received screenshots of some texts on August 27. Unfortunately, we determined that they were not complete.

On August 29, we communicated to Ms. Rhodes that we need to have a formal e-discovery vendor do a scan and search of the phone. We have been working to coordinate that, but Ms. Rhodes has been on vacation. On September 2, the undersigned sent an email to Plaintiff's counsel, offering to send the incomplete texts, but asked if Plaintiff's counsel wanted to wait for the full results of the phone scan. (Ex. 1). Plaintiff's counsel never responded. Then, despite this offer being in the same chain as Plaintiff's A-2, Plaintiff submitted **an incomplete email chain** to the Court and represented that we were withholding and refusing to produce these documents. The texts are attached here as Exhibit 2.

With regard to the spoliation arguments, Ms. Rhodes did testify that she deleted emails and texts. However, this was not done maliciously or in an effort to deprive any party of evidence. Ms. Rhodes deleted emails as necessary to keep her Gmail functional and deleted texts and contacts when she no longer had any reason to speak to people (e.g., no longer working at the property where they were tenants). (A-3 at 61-63, 82). Moreover, the evidence is clear that the use of her Gmail was simply to forward information to her Contour email (and from her Contour email at the time of termination). These would be in her Contour email and have been produced. (*See, e.g.*, Plaintiff's A-5 and Ex. 3).

Ms. Rhodes has engaged in no bad faith efforts to hide evidence. She has not been employed by any Contour entity since mid-2023, has not been a party to this litigation, and was not represented by counsel until subpoenaed to testify. Ms. Rhodes was not aware of any obligation to maintain her personal records for a lawsuit in which she was not involved. Perhaps Ms. Rhodes's prior counsel could have been more diligent in informing her of her discovery obligations, but after being represented by the undersigned, documents were produced and will continue to be produced as we take e-discovery of Ms. Rhodes' phone and computer.

**Thomas J. Mihill**
*Member*
*Direct: 404-739-8891*

*Fax: 404-739-8894*
*tmihill@stites.com*

## STITES&HARBISON PLLC
303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, GA 30308

**About Stites & Harbison** | **Bio** | **V-Card**

**LinkedIn**
*Please consider the environment before printing this email.*

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Tuesday, September 2, 2025 4:23 PM
**To:** rayne_ellis@gand.uscourts.gov; Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Cc:** Allan, Michael <mallan@steptoe.com>; john@zacharialaw.com; Jurrens, Cannon <cjurrens@steptoe.com>; [MtrDist] LV-Contour <LV-Contour@Steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Hawkins, Jack <JHawkins@wwhgd.com>; Swiger, Joshua <JSwiger@wwhgd.com>; Long, Evan I. <elong@wwhgd.com>; Sager, Rick <RSager@wwhgd.com>; Mihill, Thomas <tjmihill@stites.com>; Cahill, Julie <jcahill@stites.com>; Towell, Ren <rtowell@stites.com>
**Subject:** Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Emergency Contempt Motion re Marshal Rhodes

Dear Ms. Ellis,

Plaintiff Louis Vuitton respectfully requests an emergency order holding non-party Marshal Rhodes (a/k/a Ford) in contempt and ordering sanctions pursuant to FRCP 45(g) for violating this Court's clear and unambiguous June 30 Order (Doc. 127 at 6–7) to produce documents responsive to Louis Vuitton's subpoena (Ex. A-1).

Rhodes' former counsel claimed Rhodes searched for documents, but none were found (Ex. A-2). Her new counsel maintained that story, produced several irrelevant emails, and represented that communications with counsel were withheld for privilege (*id*.). As this Court already recognized, Rhodes "failed to raise substantive objections" (Doc. 127 at 7). Indeed, no objections were served despite Rhodes being represented by counsel since March 6.

Rhodes' August 25 deposition clearly and convincingly confirmed Rhodes violated this Court's Order and did not properly search for and produce responsive documents and information—namely:

- Rhodes admitted she *never reviewed* the subpoena's document requests prior to her deposition (Ex. A-3 at 59);
- Rhodes used her cellphone to take pictures, text, and email from her personal Gmail regarding counterfeit Louis Vuitton, as shown in remnants of Contour's files, but she never produced this information (Exs. A-4, A-5);
- Rhodes frequently texted her Contour superiors (Exs. A-6, A-7);
- Rhodes texted Old National Discount Mall ("Market") tenants, including ones Contour documented had paid Rhodes bribes (A-3 at 80–84, 206, 230–232; A-8);
- Rhodes knew of an impending lawsuit when she received a Louis Vuitton cease-and-desist letter several years before the June 2023 Complaint (Ex. A-3 at 32–35, 296, 314);
- Rhodes admitted she systemically deleted relevant emails from her personal Gmail and texts from her cellphone *after* being subpoenaed in June 2024 (Ex. A-2, Ex. A-3 at 61–63, 68, 74);

10

- A week before her deposition, Rhodes provided 5 texts, including ones to Defendant Peter Dedvukaj and Latasha Dia requesting a formal termination notice after being fired, to her new counsel *who did not produce these texts* and continues to withhold them (A-3 at 64–68).

Rhodes was the manager of the Market for several years before the October 2022 counterfeiting raid during which she allowed counterfeiting to thrive unabated.  She continued to manage the Market and interfaced with law enforcement.  She is accused of taking exorbitant sums of bribes, but was not fired until shortly after the Complaint (Doc. 1) was filed. Responsive documents exist, they are highly relevant, yet none were produced.

Rhodes violated this Court's Order by failing to properly search for and produce documents responsive to requests subject to the Order, by withholding documents, and by spoliating documents. Accordingly, pursuant to FRCP 45(g), Louis Vuitton requests contempt sanctions consisting of a daily fine for continued non-compliance, attorneys' fees/expenses related to Rhodes beginning June 30, and additional remedial measures to retrieve deleted communications. *See In re Sergeeva,* 2015 WL 12862925, at *7-10 (N.D. Ga. Oct. 13, 2015), *aff'd* 834 F.3d 1194 (11th Cir. 2016); *Dixon v. Adams*, 2022 WL 18777569, at *2-3 (N.D. Ga. Dec. 9, 2022); *U.S. v. Vito*, 2022 WL 3336440 (N.D. Ga. July 1, 2022).

Respectfully submitted,
*Counsel for Louis Vuitton*

**Joseph Ecker**
Associate

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

*Louis Vuitton Malletier S.A.S. v. Contour 5151 ONH, LLC, et al.,* **No. 1:23-cv-02818-VMC**
**Agreed Search Terms for Marshal Rhodes document collection and production**

| | |
|---|---|
| Louis Vuitton | Feds |
| Louis | Contour 5151 |
| Vuitton | Contour |
| Vitton | Old National Discount Mall |
| Viton | Old National |
| Louies | Mall |
| LV | Market |
| Klug | Peter Dedvukaj |
| Luxottica | Pete |
| Bribe | Dedvukaj |
| Bribes | David Dedvukaj |
| Bribery | Nora Prekelezaj |
| Brib! | Nora |
| Kickback! | Carla Henderson |
| Counterfeit! | Carla |
| Fake! | Latasha Dia |
| Knock! | Latasha |
| Trademark | Dia |
| Brand! | Amanda Rivera |
| Infring! | Amanda |
| Seiz! | Rivera |
| Raid | Divine Authority |
| Warrant! | Marcus Foucha |
| Cease w/3 desist | Marcus |
| Wholesale! | Greg Dickerson |
| Arrest! | Greg |
| Undercover! | Paul Bargamian |
| NTV | Paul |
| Lawsuit | Greg Taube |
| Lawyer | Lucas Westby |
| Nike | Lucas |
| Gucci | Terminat! |
| Chanel | Fired |
| Burberry | Booth! |
| Dior | Antonio Silva |
| Rolex | Antonio |
| Ferragamo | Silva |
| Rayban | DS Hip Hop Clothing |
| Oakley | "Hip Hop" |
| Balmain | G3 |
| Coach | G4 |
| Fulton County Sheriff's Office | H5 |
| Hinton | H6 |
| Brannon | Storage Unit #2 |
| Sergeant | Muhamadou Tunkara |
| Sheriff | Muhamadou |

1

*Louis Vuitton Malletier S.A.S. v. Contour 5151 ONH, LLC, et al.,* **No. 1:23-cv-02818-VMC**
**Agreed Search Terms for Marshal Rhodes document collection and production**

| | |
|---|---|
| Tunkara | Touba Darmako |
| Farooq International | Z4 |
| Farooq | Boubacar Diallo |
| R3 | Boubacar |
| Suliman Sillah | Bouba |
| Suliman | KB Fashion |
| Sulimane Sillah | KB |
| Sulimane | T9 |
| Sulliman | A4 |
| Solo Fashion | A5 |
| A14 | Diallo |
| K-Palace | Diallo Fashion |
| "K Palace" | H7 |
| B9 | H8 |
| B10 | I6 |
| BT Apparel | I7 |
| L11 | I8 |
| Mamoudou Diallo | Diallo Collection 2 |
| MamoudouYaya | Fatoumata Collections |
| B&Z Fashion | Fatoumata |
| B&Z | R4 |
| DL Fashion | Western Africa Express |
| Storage Unit #1 | 5131 |
| Barry Fashion | Umar Bah |
| A7 | Umar |
| A8 | "Bah" |
| Belco Fashion | Mangoya Fashion |
| A1 | Mangoya |
| Baben's Fashion | N10 |
| N11 | Shamshad Rupani |
| N12 | Shamshad |
| W0 | Rupani |
| Shoe Emporium | Instyle Fashion |
| L12 | D1 |
| Felko Style | W10 |
| V1A | W11 |
| Mamadou Sougou | Sadio Dabo |
| Mamadou | Sadio |
| Sougou | Dabo |
| Griff | Fruits, Clothing, & More |
| Marieme Fashion | Fruits Clothing & More |
| Marieme | A1 |
| C1 | Mickey |
| Lala Fashion | Zei D |
| Lala | Zay D |
| B1 | ZeiD |

2

*Louis Vuitton Malletier S.A.S. v. Contour 5151 ONH, LLC, et al.,* **No. 1:23-cv-02818-VMC**
**Agreed Search Terms for Marshal Rhodes document collection and production**

ZayD
Cash
Vehicle
Range Rover
Fence
$75,000
75,000
75k
$75k
$32,000
32,000
32k
$32k
$10,000
10,000
10k
$10k
Security
Brian Graham
Bryant
Bama
Asani Ansine
Asani
Nani
Taylor Robinson
Gregory Rhodes
Antonio Carr
"Carr"
"Roc"

3

# Exhibit 2

| | |
|---|---|
| **From:** | Towell, Ren |
| **Sent:** | Friday, October 17, 2025 5:31 PM |
| **To:** | Ecker, Joseph; Allan, Michael; Jurrens, Cannon; John Zacharia (john@zacharialaw.com); Hawkins, Jack; Swiger, Joshua |
| **Cc:** | Mihill, Thomas; Cahill, Julie |
| **Subject:** | RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Rhodes Documents |
| **Attachments:** | 2025.10.17 Updated Privilege Log with Rhodes PROD01 and PROD02.xlsx |

Good evening,

Here is the information for the second part of the Marshal Rhodes production (PROD02):

Bates range: Rhodes_003570 – Rhodes_010856
Link: 2025.10.17_Rhodes_PROD02.zip
Password: Mu7&gT5%

We have left nearly all of Ms. Rhodes communications with the specified Contour-related individuals, security-related personnel, and vendors wholly intact, regardless of relevance. As you are aware, Ms. Rhodes oversaw more properties than just the Mall. Our review focused on erring on the side of providing more context, not less. Furthermore, we feel that redacting portions of text message threads that do not relate to the Mall/issues of this litigation would substantially hinder overall comprehension and possibly encourage needless discovery disputes. However, our production of various documents is not an admission of any relevance to issues sought to be proved by any party.

There are only two exceptions. Some text messages between only Marshal and Gregory Rhodes and some text messages between Marshal and Carla Henderson have been withheld because they are far outside the bounds of any possible relevance, and because they contain information that we perceived to be deeply personal. It would be an unnecessary violation of these non-parties' privacy to produce such messages. Marshal and Gregory Rhodes were previously married and continued to be in contact with one another until roughly mid-2021. There was a brief period of time where it appears Gregory Rhodes worked security at the mall. Any text message that involves anything relating to the Mall or his security work has been produced, but purely personal text messages are not being produced because we find them non-responsive and highly confidential. The nature of some of Marshal and Carla's text messages is also personal, including strings of texts that relate only to personal topics like health and family issues, including detailed information about issues relating to Carla's child. Where we were able to identify strings of messages that were purely personal and containing some type of sensitive information, those are not being produced as we find them non-responsive.

For text messages that were not between some identified person/number, but hit on some search term as memorialized in "Ex. A – Agreed Search Terms for Marshal Rhodes document collection and production," (sent to the Court on September 22, 2025) we conducted a more focused review and excluded documents that were irrelevant to the issues of this litigation, the mall, or issues as described in the subpoena.

1

As it relates to the privilege issues raised by Mr. Ecker, I've attached an updated privilege log which not only includes the text messages being withheld but adds a more detailed description of what is being withheld. Generally speaking, and without waiving any privilege, the substance of our communications with Ms. Rhodes were about formalizing our representation with her and ensuring that our ethical obligations were met before entering that representation, given that we already represented Contour 5151.

We disagree with Mr. Ecker's assertion that the inclusion of either Paul Bargamian or Peter Dedvukaj waives privilege. The communications with both Paul and Pete were with them in their capacity as those acting on behalf of Contour 5151. Such privilege disputes are governed by Georgia law. Under Georgia law on joint attorney-client privilege "the privilege exists until those clients' interest...become adverse." *Alternative Health Care Sys., Inc. v. McCown*, 237 Ga. App. 355, 360 (1999); *Liberty Mut. Fire Ins. Co. v. APAC-Se., Inc.*, 2008 WL 11320055, at *7 (N.D. Ga. May 16, 2008) (finding that the exception to joint attorney-client privilege only applies in subsequent litigation between the two formerly-joint parties). Regardless, the proper remedy would be for an *in camera* review of contested documents.

If it comes to that, I don't necessarily see a problem with an *in camera* review, but it's our hope that our providing additional information in this updated privilege log will obviate the issue. There is no substance in our written communications to Ms. Rhodes beyond forming the initial attorney-client relationship, coordinating her appearance, and coordinating the document production.

Best,
Ren

---

**From:** Ecker, Joseph <jecker@steptoe.com>
**Sent:** Thursday, October 16, 2025 1:12 PM
**To:** Towell, Ren <rtowell@stites.com>; Allan, Michael <mallan@steptoe.com>; Jurrens, Cannon <cjurrens@steptoe.com>; John Zacharia (john@zacharialaw.com) <john@zacharialaw.com>; Hawkins, Jack <jhawkins@wwhgd.com>; Swiger, Joshua <jswiger@wwhgd.com>
**Cc:** Mihill, Thomas <tjmihill@stites.com>; Cahill, Julie <jcahill@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Rhodes Documents

Counsel,

We write concerning certain documents improperly withheld as privileged by Marshal Rhodes. Specifically, an email and attachment (Doc ID #s 25-0901_0001576 and 25-0901_0001577) and corresponding email subject lines and document file names were withheld as "Privileged; Attorney-Client Communication." There is no basis to claim attorney-client privilege with respect to your client (Marshal Rhodes) given that two third parties (Paul Bargamian and Peter Dedvukaj) are included on the email chain thereby waiving any purported privilege between Ms. Rhodes and her counsel. Please immediately produce the referenced documents, or we intend to seek Court intervention.

Relatedly, Ms. Rhodes' privilege log—for all documents— does not contain any description of the withheld documents that would allow us to assess the propriety of the privilege claim pursuant to FRCP 26(a)(5)(A)(ii). Please immediately amend to log to provide the appropriate level of description. We expect that any log for texts will contain the same information.

2

Best,


**Joseph Ecker**
Associate

## Steptoe

Steptoe LLP | 1330 Connecticut Avenue NW | Washington, DC 20036
+1 202 429 8097 direct | +1 443 279 8414 mobile | jecker@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Towell, Ren <rtowell@stites.com>
**Sent:** Friday, October 10, 2025 4:47 PM
**To:** Allan, Michael <mallan@steptoe.com>; Ecker, Joseph <jecker@steptoe.com>; Jurrens, Cannon <cjurrens@steptoe.com>; John Zacharia (john@zacharialaw.com) <john@zacharialaw.com>; Hawkins, Jack <jhawkins@wwhgd.com>; Swiger, Joshua <jswiger@wwhgd.com>
**Cc:** Mihill, Thomas <tjmihill@stites.com>; Cahill, Julie <jcahill@stites.com>
**Subject:** [EXTERNAL] Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC- Rhodes Documents

Good afternoon,

Please see below for the first part of the Rhodes production. As described in a separate thread with Plaintiff's counsel, this is the first of two productions. It consists of emails and attachments. The messaging documents will be produced next week. I've also attached a privilege log.

Bates range: Rhodes_000001 – Rhodes_003569
Link: 2025.10.10_Rhodes_PROD01.zip
Password: Mu7&gT5%

Best,
Ren


**Ren Towell**
*Attorney*
*Direct: 404-739-8971*
*Fax: 404-739-8870*
*rtowell@stites.com*

## STITES&HARBISON PLLC
303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, GA 30308

**About Stites & Harbison** | **Bio** | **V-Card**

**LinkedIn**
*Please consider the environment before printing this email.*

**NOTICE:** This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

---

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Exhibit 3

## Findings from Post-Hoc Analysis of Rhodes Documents

Rhodes_003781-Rhodes_003782
Rhodes_004085-Rhodes_004087
Rhodes_004774-Rhodes_004776
Rhodes_004808-Rhodes_004810
Rhodes_005012-Rhodes_005014
Rhodes_005116-Rhodes_005117
Rhodes_005132-Rhodes_005133
Rhodes_005217-Rhodes_005218
Rhodes_005234-Rhodes_005235
Rhodes_005294-Rhodes_005295
Rhodes_005405-Rhodes_005406
Rhodes_006201-Rhodes_006202
Rhodes_007098-Rhodes_007099
Rhodes_009341-Rhodes_009342
Rhodes_009415-Rhodes_009416
Rhodes_009476-Rhodes_009477
Rhodes_009876-Rhodes_009877
Rhodes_009890-Rhodes_009891