UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., | |
| Plaintiff, | |
| v. | Civil Action No. |
| CONTOUR 5151 ONH, LLC, a Georgia limited liability company d/b/a OLD NATIONAL DISCOUNT MALL; PRETAS DEDVUKAJ; ABC CORPS. 1-10; and JOHN DOES 1-10, individually, | 1:23-cv-02818-VMC |
| Defendants. | |

**OPPOSITION TO MOTION TO WITHDRAW BY STITES**

Plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton"), by and through its undersigned counsel, opposes and respectfully requests that the Court deny Thomas J. Mihill, Julie C. Cahill, and the law firm of Stites & Harbison, PLLC's (collectively, "Stites") Motion to Withdraw as counsel for Defendant Contour 5151 ONH, LLC ("Contour") (Doc. 173). This is the second time Contour shed its counsel mid-litigation, and right before important case deadlines (here, sanctions rulings and summary judgment briefing). And Stites's attempt to withdraw now follows the same pattern of strategic maneuvering that repeatedly disrupted the orderly progress of this case. This pattern of counsel shifting is pure gamesmanship, entirely

1

consistent with Contour's rank discovery abuses and spoliation currently before the Court.

Withdrawal at this late stage would frustrate resolution of Louis Vuitton's pending Motion for Sanctions and would delay trial in violation of Local Civil Rule 83.1(E)(1). Stites's Motion identifies no reason—much less good cause—to justify a withdrawal that would unquestionably cause further delay. As set forth below, Louis Vuitton respectfully requests that the Court deny the Motion. But if the Court nonetheless considers granting it, Louis Vuitton asks that the Court impose immediate and strict conditions to prevent further delay and to curb Contour's continuing gamesmanship and tactical use of counsel turnover to evade its litigation obligations. Specifically, Louis Vuitton respectfully requests that any grant of Stites's Motion be conditioned, at a minimum, on one of the following scenarios:

(1) requiring Stites to remain as counsel for Contour through the resolution of summary judgment motions, *or*

(2) requiring Stites to remain as counsel for Contour for the next 30 days, during which Stites will act as counsel on any pending matters and also work to help any new counsel become familiar with the case. If new counsel does not appear after the 30-day period (when Stites is permitted to withdraw), Louis Vuitton may immediately seek entry of default against Contour.

## I.    Withdrawal Would Cause Significant Delay in Violation of Local Civil Rule 83.1(E)(1)

Local Civil Rule 83.1(E)(1) prohibits withdrawal where it would delay trial, and courts routinely deny such motions absent a compelling justification. *See Fears v. Keystone Petroleum Transp., LLC*, Civ. A. No. 1:10-CV-2789-HLM-WEJ, 2012 WL 12835497, at *1–2 (N.D. Ga. Feb. 21, 2012) (denying withdrawal where new counsel would require extensions and counsel offered no compelling reason); *Calloway v. BellSouth Telecomms., LLC*, Civ. A. No. 1:19-CV-0964-CAP, 2020 WL 6293635, at *5–6 (N.D. Ga. Sept. 17, 2020) (same). The Court's obligation is to ensure that litigation is not disrupted and that withdrawal occurs only for good cause. *Forsberg v. Pefanis*, Civ. A. No. 1:07-CV-3116-CC, 2015 WL 13333009, at *2 (N.D. Ga. Sept. 4, 2015).

Stites has represented Contour since July 2025, immediately following the withdrawal of its prior counsel. During Stites's tenure, the parties completed fact and expert depositions—including third-party and Rule 30(b)(6) depositions— served subpoenas, fully briefed Louis Vuitton's sanctions motion and related supplemental briefing, participated in a hearing before the Court, and submitted multiple 500-word statements. Fact and expert discovery are closed and summary judgment motions are due once the Court rules on Louis Vuitton's sanctions motion.

Allowing withdrawal now would necessarily delay the case. Any new counsel would need time to review a multi-year record, analyze extensive discovery disputes,

3

and familiarize themselves with pending sanctions issues and the upcoming summary judgment schedule—just as the Stites firm did when it took over. As in *Fears* and *Calloway*, that catch-up period would trigger extension requests and delay trial—precisely what Rule 83.1(E)(1) forbids. *See Fears*, 2012 WL 12835497, at *1–2; *Calloway*, 2020 WL 6293635, at *5–6.

Withdrawal at this critical stage would also obstruct resolution of multiple pending matters. Summary judgment briefing is imminent and may be tied to the Court's rulings on Louis Vuitton's sanctions motions. Only current counsel possesses the necessary knowledge to address the issues implicated in those motions, including spoliation, repeated violations of Court orders, and discovery misconduct. Indeed, Stites is the only firm to have briefed opposition papers to Louis Vuitton's Motion for Sanctions. Stites's participation is also essential to any motion that Louis Vuitton may file related to Defendants' improper withdrawal of their expert, Dr. Serdari. *See* Doc. 169.

Stites's departure would destabilize the litigation at a moment when continuity is indispensable. According to the Stites's Motion to Withdraw, Contour has known since January 2, 2026 that it needed replacement counsel but, as far as the record shows, Contour has done nothing in that regard and after more than a month and a half, no new counsel has appeared or requested substitution. Allowing withdrawal now would reward Contour's pattern of delay and gamesmanship and

4

would undermine the Court's carefully structured schedule. Because withdrawal would unquestionably delay trial and frustrate efficient adjudication of pending motions, Local Rule 83.1(E)(1) requires denial of Stites's motion.

## II.    Stites Has Failed to Show Good Cause for Withdrawal

Stites offers no explanation—and certainly no good cause—for its request to withdraw at this late stage.[1] Its motion consists solely of a bare request and an email reciting the formalities of Local Civil Rule 83.1(E)(2)(b). Neither document provides any reason for withdrawal or addresses the inevitable delay it would cause.

A motion to withdraw does not entitle counsel to exit a case automatically. Courts must safeguard the orderly administration of justice and prevent withdrawal from becoming a vehicle for gamesmanship, delay, or evasion of obligations. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472 (11th Cir. 1991) (affirming denial of a continuance in light of party's pattern of dilatory tactics including the repeated withdrawal of counsel). A party cannot repeatedly change counsel whenever the case reaches a critical juncture, and the absence of any stated reason for Stites's withdrawal underscores the need for heightened scrutiny.

---

[1] Stites left a voicemail with Louis Vuitton's counsel stating that the firm is withdrawing for "business reasons." This informal explanation still fails to amount to good cause to permit withdrawal.  Of course, the Court will recall Nelson Mullins' briefing on its request to withdraw over this past summer, complete with cryptic references to ethical bases and otherwise.  *See* Docs. 118, 121, and 126.

Because Stites has failed to articulate *any* basis for withdrawal in its moving papers, its motion should be denied for this reason alone.

### III.    Contour's Pattern of Gamesmanship Makes Withdrawal Particularly Prejudicial at This Stage

Contour has repeatedly employed delay and obstruction throughout this litigation, forcing the Court to extend deadlines whenever Contour ignored discovery obligations or refused to participate in the process. These delays were the product of Contour's own conduct—not unavoidable circumstances—and Stites's withdrawal request fits squarely within that pattern.[2]

Despite being notified on January 2, 2026 that Stites intended to withdraw, Contour has taken no discernible steps to secure replacement counsel in the nearly seven weeks since. Instead, it has allowed the case to advance toward dispositive deadlines while its counsel seeks to exit—precisely when delay would benefit Contour and prejudice Louis Vuitton the most.

---

[2] Contour has not acted alone in this gamesmanship. *See* Doc. 113 at 4–5 ("Defendant [Pretas] Dedvukaj deliberately waited until 4:00 PM on [the last day of fact discovery], days before his answer to the Amended Complaint was due and 45 days after the Court entered the Amended Complaint, to seek new counsel and cite the need for those attorneys to get up to speed as an excuse for an extension."). Defendant Dedvukaj, his counsel, and Contour also obstructed service of the summons to Dedvukaj's home address for weeks (Doc. 113 at 6–7) and falsely represented to the Court that "Dedvukaj did not live at that address" and "was only served at that address by happenstance" (Doc. 114 at 2), only to confirm in interrogatory responses on July 7 that it has indeed been Dedvukaj's only home address since at least 2019.

The Court should not permit Contour to leverage the withdrawal process as yet another tool for disruption. Allowing withdrawal now would reward Contour's strategy of postponement and inject new uncertainty at a critical juncture of the case.

If the Court permits withdrawal, strict conditions are necessary to prevent further abuse. Stites should either (1) be required to remain as counsel through resolution of summary judgment motions or (2)  be required to remain as counsel for Contour for the next 30 days, during which Stites will act as counsel on any pending matters and also work to help any potential new counsel become familiar with the case. If the Court chooses the second option above, 30 *additional* days is more than sufficient for potential new counsel to get up to speed on the case (with the assistance of Stites). Contour already had nearly 7 weeks since Stites informed Contour on January 2 of its intent to withdraw and will likely have several additional weeks while Contour files a reply brief and before the Court hears this motion. Contour has known of the need for replacement counsel for more than a month and a half and should not benefit from its own inaction. If Contour fails to obtain counsel within the periods set forth in both options above, Louis Vuitton should be permitted to immediately seek default, as an LLC cannot appear *pro se*. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also* LR 83.1(E)(2)(b)(I).

Given Contour's consistent pattern of delay and procedural manipulation, withdrawal would be highly prejudicial at this stage. Louis Vuitton respectfully

submits that the Court should deny the motion outright or, at a minimum, impose the aforementioned conditions to prevent Contour from perpetuating yet another cycle of obstruction.

## IV.    Conclusion

Based on the foregoing, Louis Vuitton respectfully requests that the Court deny Stites's Motion to Withdraw (Doc. 173) in its entirety. Should the Court permit withdrawal in any form, Louis Vuitton further requests that the Court (1) require Stites to remain in the case through resolution of summary judgment motions; or (2) require Stites to remain as counsel for Contour for the next 30 days, during which Stites will act as counsel on any pending matters and also work to help any new counsel become familiar with the case to prevent additional delay and to ensure that Contour cannot continue its pattern of gamesmanship. If new counsel does not appear after the 30-day period (when Stites is permitted to withdraw), Louis Vuitton should be permitted to immediately seek entry of default against Contour.

Dated: February 18, 2026

*/s/ Michael J. Allan*
Michael J. Allan (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
mallan@steptoe.com
jecker@steptoe.com
(202) 429-3000


*/s/ John H. Zacharia*

8

John H. Zacharia (*pro hac vice*)
ZACHARIA LAW PLLC
1701 Pennsylvania, Avenue, NW
Suite 200
Washington, DC 20006
john@zacharialaw.com
(202) 845-5091


*/s/ Jay L. Strongwater*
Jay L. Strongwater
Georgia Bar No. 688750
STRONGWATER & ASSOCIATES
1360 Peachtree Street
Atlanta, GA 30309
jls@strongh2o.com
(404) 872-1700

*Attorneys for Plaintiff*
*Louis Vuitton Malletier S.A.S.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned hereby certifies that the foregoing filing is a computer-generated document, prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1C of the United States District Court for the Northern District of Georgia.

*/s/ Michael J. Allan*
Michael J. Allan

*Attorney for Plaintiff Louis Vuitton Malletier S.A.S.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, the foregoing was served by electronic mail on all counsel of record.

*/s/ Michael J. Allan*
Michael J. Allan

*Attorney for Plaintiff Louis Vuitton Malletier S.A.S.*