**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., <br><br> Plaintiff, <br><br> vs. <br><br> CONTOUR 5151 ONH, LLC, a Georgia limited liability company d/b/a OLD NATIONAL DISCOUNT MALL; PRETAS DEDVUKAJ; ABC CORPS. 1-10; and JOHN DOES 1-10, individually, <br><br> Defendants. | Civil Action No. <br><br> 1:23-cv-02818-VMC |

## JOINT MOTION FOR CONTINUANCE OF EVIDENTIARY HEARING

Defendant Contour 5151 ONH, LLC ("Contour") and Plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton") (together, the "Parties"), by and through undersigned counsel, respectfully move the Court for a continuance of the evidentiary hearing currently scheduled for April 21–22, 2026. Good cause exists for a continuance for the following reasons:

(1) During recent preparation for the upcoming April 21 hearing, Contour's current counsel claims to have learned that certain documents, produced by Contour to its former counsel, Nelson Mullins, may not have been reviewed for production during initial fact discovery.

1

(2) On Monday, April 13, Louis Vuitton was informed for the first time of this alleged issue and that an investigation was ongoing as between Contour's current and former counsel;

(3) The details and results of this investigation and what additional facts it may reveal are not yet known and, according to Contour's current counsel, the investigation will take some time to complete and may reveal additional issues that require further investigation;

(4) Louis Vuitton and Contour agree that both Parties would be prejudiced by proceeding with an evidentiary hearing next week on Louis Vuitton's pending motion for sanctions given these new developments and the fact that additional discovery is likely to be needed before the Parties may proceed with the evidentiary hearing; and

(5) Neither Party can fairly or efficiently litigate those issues without additional investigation and supplemental discovery.

A more detailed explanation of Louis Vuitton and Contour's positions on this issue was previously provided to the Court over email, attached as Exhibit 1 hereto. In support of this Motion, the Parties further state as follows:

## I.    Good Cause Exists for a Continuance

On Monday, April 13, Contour conveyed to Louis Vuitton and the Court for the first time, that it believed some unknown set of documents addressed in Louis

Vuitton's Motion for Sanctions and Supplemental Sanctions briefs may not have been reviewed for production because of what Contour alleges was "technological or human error" committed by its former counsel in the collection and review process, and not through a failure to produce by Contour. Contour's current counsel alleges that it first realized that there was a potential production error and began investigating with Nelson Mullins on or about April 2, and was able to confirm on Sunday, April 12, that at least one text chain allegedly provided to Contour's former counsel (but not produced to Louis Vuitton during discovery) appears to have not been loaded into Contour's former counsel's e-discovery database. This information was conveyed to the Court and Louis Vuitton on April 13, the next day, but also just one week before the scheduled evidentiary hearing .

Until this recent discovery, as stated in Exhibit A to Contour's February 4, 2026 Opposition to Louis Vuitton's Supplemental Motion for Sanctions (Doc. 170-1), which is a declaration signed by Gregory Taube of Nelson Mullins, Contour and its current and former counsel alleges that it believed all Contour text data, which was electronically collected from Contour by Nelson Mullins, was reviewed and "if a text message thread was not produced, it is because Nelson Mullins, as counsel for Contour, determined that it was non-responsive, privileged or subject to an objection, or not subject to the negotiated search protocol by search or otherwise." (Doc. 170-1 at 3).  Louis Vuitton and Contour agree that all parties would be

prejudiced by proceeding with the evidentiary hearing next week without an opportunity to fully investigate these new concerns. No party currently has an understanding of how expansive this issue is, which documents in particular are affected, or how many custodians it has affected. Proceeding with the hearing as scheduled would create hardship for both parties because no one yet knows any of the results of Contour, its current counsel, and Nelson Mullins' ongoing investigation, which was not known at the time of any prior briefs, declarations, or depositions.

Louis Vuitton also has not had the opportunity to understand the propriety or scope of Contour's current and former counsel's investigation, evaluate any new information or new evidence Contour may provide, seek discovery on these issues, or evaluate if any additional appropriate relief and briefing might be necessary. At the same time, requiring Contour to proceed before fully investigating these issues with Nelson Mullins risks presenting an incomplete record or defense on Louis Vuitton's requested sanctions.

This request is not made for purposes of delay. Rather, the Parties jointly seek a continuance so that these issues can be addressed efficiently, transparently, and on a complete factual record. Both Parties agree that a limited continuance will conserve judicial resources by avoiding piecemeal testimony, supplemental briefing, or the need to reopen the evidentiary hearing after it has begun. Both parties have

been in active discussions concerning the issues raised in this motion and Louis Vuitton has expressed serious concerns to Contour's counsel concerning these issues overall, but also the need to expeditiously address these issues, share information promptly, expedite any discovery and re-schedule the evidentiary hearing as soon as possible.

Accordingly, the Parties respectfully request that the Court continue the evidentiary hearing currently scheduled for April 21–22, 2026 to permit the Parties to determine the appropriate parameters for an investigation of these issues, to conduct the investigation, conduct supplemental discovery, and assess the impact of the findings of the investigation and discovery on Louis Vuitton's pending Motion for Sanctions and the need for any additional motions or briefing.

Pursuant to the Court's April 14, 2026 Order, the Parties will confer and submit a status report within 14 days detailing their proposals for completing any additional discovery and their availability for the evidentiary hearing.

The Parties also agree that Contour's current counsel will cooperate in good faith with Louis Vuitton's counsel to provide it with updates on details and findings from its initial investigation in a timely matter.

## II.    Conclusion

Given the late discovery of facts that may affect the sanctions issues before the Court, and the shared interest of the Parties and the Court in ensuring a fair and

complete evidentiary record, good cause exists to continue the April 21–22, 2026 evidentiary hearing. Accordingly, the Parties respectfully request that the Court grant the requested continuance.

Dated: April 15, 2026

Respectfully submitted,

/s/ Michael J. Allan
Michael J. Allan (*pro hac vice*)
Joseph F. Ecker (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
mallan@steptoe.com
jecker@steptoe.com
(202) 429-3000


/s/ John H. Zacharia
John H. Zacharia (*pro hac vice*)
ZACHARIA LAW PLLC
1701 Pennsylvania, Avenue, NW
Suite 200
Washington, DC 20006
john@zacharialaw.com
(202) 845-5091



/s/ Jay L. Strongwater
Jay L. Strongwater
Georgia Bar No. 688750
STRONGWATER & ASSOCIATES
1360 Peachtree Street
Atlanta, GA 30309
jls@strongh2o.com
(404) 872-1700

*Attorneys for Plaintiff*
*Louis Vuitton Malletier S.A.S.*

/s/ Thomas J. Mihill
Thomas J. Mihill
Georgia Bar No. 001363
Julie C. Cahill
Georgia Bar No. 380547
STITES & HARBINSON, PLLC
303 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30308
(404) 739-8800
tjmihill@stites.com
jcahill@stites.com


*Attorneys for Defendant*
*Contour 515 ONH, LLC*

## CERTIFICATE OF CONFERENCE

The Parties met and conferred regarding the relief sought by this Joint Motion and agree that good cause exists to continue the April 21–22, 2026 evidentiary hearing.

*/s/ Michael J. Allan*
Michael J. Allan

*/s/ Thomas J. Mihill*
Thomas J. Mihill

7

## **<u>CERTIFICATE OF COMPLIANCE AS TO FONT SIZE</u>**

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing Motion complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared on a computer using Times New Roman font (14 point).


*/s/ Michael J. Allan*                         */s/ Thomas J. Mihill*
Michael J. Allan                               Thomas J. Mihill

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2026, a true and correct copy of the foregoing

motion was served via the Court's electronic filing system on all counsel of record.


<u>*/s/ Michael J. Allan*</u>
Michael J. Allan