| | |
|---|---|
| **From:** | john@zacharialaw.com |
| **Sent:** | Tuesday, April 14, 2026 7:58 AM |
| **To:** | 'Mihill, Thomas'; 'Velma Shanks' |
| **Cc:** | Allan, Michael; Ecker, Joseph; Jurrens, Cannon; Wielkopolska, Magdalena; 'jls_strongh2o.com'; 'Cahill, Julie'; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; 'Towell, Ren' |
| **Subject:** | [EXTERNAL] RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC |

Dear Ms. Shanks,

Counsel for Contour's email raises more questions than it answers and places Louis Vuitton at a significant disadvantage.  In view of these revelations (which just came to light yesterday), Louis Vuitton cannot meaningfully participate in an evidentiary hearing on spoliation, particularly when facts Contour intends to use have not been made available to Louis Vuitton in any brief, declaration, or deposition.   Although Louis Vuitton's spoliation motion was filed in June of last year, these new developments are being investigated by Contour and its counsel for the first time right now.  Louis Vuitton is entirely in the dark on these issues with just a few days before the scheduled hearing.

Mr. Mihill's email regarding "technological or human error" related to the improperly spoliated/withheld information in this case suggests, for the first time, that some improperly spoliated or withheld information allegedly occurred because of Nelson Mullins's conduct rather than Defendant Contour's conduct. At this time, there is no telling just how expansive this conduct is, which documents in particular are affected, how many custodians it has affected, how it has affected email, text, and other discovery documents, and whether additional documents unknown to Louis Vuitton may have been improperly withheld.  Contour should have advised Louis Vuitton about this long ago, and Louis Vuitton is certainly entitled to this information now.

In light of this 11th hour revelation, Louis Vuitton respectfully requests that the Court postpone next week's evidentiary hearing so Louis Vuitton may (a) ensure that whatever "investigation" being conducted by Contour and its former and current counsel is transparent and conducted with the proper scope and parameters, including by a neutral forensic examiner if needed, (b) be provided on an expedited basis the results of this "investigation," and (c) have the opportunity, if needed, to obtain additional document and deposition discovery from both Contour and Nelson Mullins.

This is particularly important given that Mr. Mihill's email appears to contradict Exhibit A to Contour's February 4, 2026 Opposition to Louis Vuitton's Supplemental Motion for Sanctions (Doc. 170-1), which is a declaration signed by Gregory Taube of Nelson Mullins.  In that Declaration, Mr. Taube states that "if a text message thread was not produced, it is because Nelson Mullins, as counsel for Contour, determined that it was non-responsive, privileged or subject to an objection, or not subject to the negotiated search protocol by search or otherwise." (Doc. 170-1, at 3) For this reason, Louis Vuitton had understood from Contour and its current counsel that Nelson Mullins bore no responsibility for the improperly spoliated/withheld information in this case – until yesterday.

If Contour wishes, as part of its argument, to shift the blame for some or all of Contour's improper withholding/spoliation of information to Nelson Mullins, then Contour should not be permitted to prejudice

1

Louis Vuitton at a hearing next week with this 11th hour revelation that negates Louis Vuitton's opportunity to obtain the above-referenced discovery from both Contour and Nelson Mullins.

Louis Vuitton is eager to get this long-standing spoliation issue resolved and proceed to resolution of this case.  Given these developments, a short continuance is unfortunately needed so Louis Vuitton is not prejudiced by Contour's last-minute discovery.

Accordingly, Louis Vuitton would ask the Court to schedule a conference to discuss all of these issues, including the parameters of an "investigation" and any additional discovery that may be required by Louis Vuitton, so that these issues can be addressed on a fast track and so as not to delay the evidentiary hearing any more than is necessary.

Thank you for your consideration.

Counsel for Plaintiff Louis Vuitton

---

**From:** Mihill, Thomas <tjmihill@stites.com>
**Sent:** Monday, April 13, 2026 6:28 PM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>; john@zacharialaw.com
**Cc:** mallan@steptoe.com; 'Ecker, Joseph' <jecker@steptoe.com>; cjurrens@steptoe.com; 'Wielkopolska, Magdalena' <MWielkopolska@steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Cahill, Julie <jcahill@stites.com>; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC

Dear Ms. Shanks, during preparations for the upcoming Tuesday, April 21 hearing, counsel for Contour identified potential live witnesses that may need to appear and naturally began discussions about the scope of testimony they might give regarding the discovery issues that have been raised by Plaintiff.  One such witness, Latasha Dia, disclosed to us that she still has possession of certain phone texts with Marshal Rhodes that had been identified in Louis Vuitton's Supplemental Brief as not produced.

This disclosure led us to begin investigating why those texts were not produced during the original fact discovery completed prior to our firm's appearance in this matter. This investigation has required coordination with former counsel Nelson Mullins to review the electronic search and discovery process undertaken some two years prior. Nelson Mullins is standing up and loading archived systems now, which takes some time. Stites learned, over the course of this past weekend, that Ms. Dia's texts with Marshal Rhodes were collected by Nelson Mullins, along with all other data on Ms. Dia's phone, but through technological or human error the above-referenced texts were apparently not loaded into the electronic database (Relativity) that was used by Nelson Mullins to search documents and prepare document productions.

We are trying to determine if other communications may also have been omitted from the electronic database, but at the very least we now know that these texts apparently did not get reviewed and produced.  We wanted to raise this issue with the Court and (1) seek direction and (2) a continuance to investigate these matters further with prior counsel. We anticipate that Plaintiff will want some additional time to address this prior to the hearing and would consent to rescheduling the hearing for further investigation.

**Thomas J. Mihill**
*Member*
*Direct: 404-739-8891*
*Fax: 404-739-8894*
*tmihill@stites.com*

**STITES&HARBISON** PLLC
303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, GA 30308

**About Stites & Harbison** | **Bio** | **V-Card**

**LinkedIn**
*Please consider the environment before printing this email.*

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

**From:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Sent:** Monday, April 13, 2026 4:05 PM
**To:** Mihill, Thomas <tjmihill@stites.com>; john@zacharialaw.com
**Cc:** mallan@steptoe.com; 'Ecker, Joseph' <jecker@steptoe.com>; cjurrens@steptoe.com; 'Wielkopolska, Magdalena' <MWielkopolska@steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Cahill, Julie <jcahill@stites.com>; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC
**Importance:** High

Dear counsel,

Please see response from the Court below:

Contour has not provided the Court with enough information to justify continuing the hearing in its entirety, especially considering how long the sanctions request has been pending and that the parties have had over a month to prepare for this hearing. If a better showing is made, the Court is open to resuming at a later date, but we will begin the hearing on Tuesday.

**Warm Regards,**

**Velma Shanks**
**Courtroom Deputy Clerk**
**To the Honorable Victoria M. Calvert**
**United States District Court NDGA**
**404-215-1394**

**Your Attitude Determines Your Altitude!**

**From:** Mihill, Thomas <tjmihill@stites.com>
**Sent:** Monday, April 13, 2026 3:02 PM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>; john@zacharialaw.com
**Cc:** mallan@steptoe.com; 'Ecker, Joseph' <jecker@steptoe.com>; cjurrens@steptoe.com; 'Wielkopolska, Magdalena' <MWielkopolska@steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Cahill, Julie <jcahill@stites.com>; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC

**CAUTION - EXTERNAL:**

Ms. Shanks, the investigation mentioned in my previous email goes directly to some of the issues in Plaintiff's motion and will likely need to be fully investigated and resolved in order to address these issues at the hearing.  Counsel for Plaintiff and Contour have discussed this and agree that additional time will be necessary to complete that process, and as such we would still request a continuance from the current hearing date. Given that Plaintiff will need to learn the results of this ongoing investigation (which has not yet been provided to it), Plaintiff consents with Contour's request for a continuance of the hearing.

Should the court be willing to grant the continuance, both Contour and Plaintiff would ask that some time be set aside on Tuesday for an in-person hearing to discuss any issues that may arise as a result of Contour's ongoing investigation and any facts that may result therefrom.

We expect sending a more detailed email on this to the Court soon.

**Thomas J. Mihill**
*Member*
*Direct: 404-739-8891*
*Fax: 404-739-8894*
*tmihill@stites.com*

**STITES&HARBISON** PLLC
303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, GA 30308

**About Stites & Harbison** | **Bio** | **V-Card**

**LinkedIn**
*Please consider the environment before printing this email.*

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

**From:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Sent:** Monday, April 13, 2026 12:03 PM
**To:** Mihill, Thomas <tjmihill@stites.com>; john@zacharialaw.com
**Cc:** mallan@steptoe.com; 'Ecker, Joseph' <jecker@steptoe.com>; cjurrens@steptoe.com; 'Wielkopolska, Magdalena' <MWielkopolska@steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Cahill, Julie <jcahill@stites.com>; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; Towell, Ren <rtowell@stites.com>

**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC
**Importance:** High

Good afternoon,

Thank you for your response.  Our trial has now been postponed so we will proceed with the originally scheduled 2 days that the Court has set aside next Tues and Wed.

**Warm Regards,**

**Velma Shanks**
**Courtroom Deputy Clerk**
**To the Honorable Victoria M. Calvert**
**United States District Court NDGA**
**404-215-1394**

**Your Attitude Determines Your Altitude!**

**From:** Mihill, Thomas <tjmihill@stites.com>
**Sent:** Monday, April 13, 2026 11:57 AM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>; john@zacharialaw.com
**Cc:** mallan@steptoe.com; 'Ecker, Joseph' <jecker@steptoe.com>; cjurrens@steptoe.com; 'Wielkopolska, Magdalena' <MWielkopolska@steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Cahill, Julie <jcahill@stites.com>; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC

**CAUTION - EXTERNAL:**

Ms. Shanks, Stites & Harbison is actively investigating issues relevant to this hearing, and with those, we anticipate the hearing will likely require two days.  I have conferred with counsel for Plaintiff and neither party is available Monday. We can provide the Court with some additional dates where both parties have two consecutive days available.

**Thomas J. Mihill**
*Member*
*Direct: 404-739-8891*
*Fax: 404-739-8894*
*tmihill@stites.com*

**STITES & HARBISON** PLLC
303 Peachtree Street, N.E., 2800 SunTrust Plaza, Atlanta, GA 30308

**About Stites & Harbison** | **Bio** | **V-Card**

**LinkedIn**
*Please consider the environment before printing this email.*

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

**From:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Sent:** Friday, April 10, 2026 9:08 AM
**To:** john@zacharialaw.com
**Cc:** mallan@steptoe.com; 'Ecker, Joseph' <jecker@steptoe.com>; cjurrens@steptoe.com; 'Wielkopolska, Magdalena' <MWielkopolska@steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; Mihill, Thomas <tjmihill@stites.com>; Cahill, Julie <jcahill@stites.com>; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; Towell, Ren <rtowell@stites.com>
**Subject:** RE: Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC
**Importance:** High

Dear counsel,

Judge Calvert may be starting a criminal trial on April 22. Do the parties anticipate needing more than one day for this hearing? If so, we can start on Monday, April 20 at or after 11:00 am.

**Warm Regards,**

**Velma Shanks**
**Courtroom Deputy Clerk**
**To the Honorable Victoria M. Calvert**
**United States District Court NDGA**
**404-215-1394**

**Your Attitude Determines Your Altitude!**

**From:** john@zacharialaw.com <john@zacharialaw.com>
**Sent:** Wednesday, April 8, 2026 6:07 PM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Cc:** mallan@steptoe.com; 'Ecker, Joseph' <jecker@steptoe.com>; cjurrens@steptoe.com; 'Wielkopolska, Magdalena' <MWielkopolska@steptoe.com>; jls_strongh2o.com <jls@strongh2o.com>; 'Mihill, Thomas' <tjmihill@stites.com>; 'Cahill, Julie' <jcahill@stites.com>; jhawkins@wwhgd.com; rsager@wwhgd.com; JSwiger@wwhgd.com; elong@wwhgd.com; rtowell@stites.com
**Subject:** Louis Vuitton v. Contour, et al., Civil Action No. 1:23-cv-02818-VMC

CAUTION - EXTERNAL:

Dear Ms. Shanks,

6

Counsel for Plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton") and for Defendant Contour 5151 ONH, LLC ("Contour") respectfully submit this email jointly in reference to the upcoming hearing scheduled for April 21, 2026 in the *Louis Vuitton Malletier S.A.S. v. Contour 5151 ONH, LLC, et al.* (Case No. 23-cv-02812-VMC) case.  This case has been the subject of a considerable amount of discovery, including sworn deposition testimony from a number of witnesses.  Given the availability of this sworn testimony, and in the interest of using the Court's time efficiently, the parties are inclined to proceed at the hearing by presenting both documentary evidence and deposition testimony without calling the same witnesses at the upcoming hearing to present testimony identical to what they testified to in their respective depositions, with the possible exception of two witnesses.

Please advise if this approach by the parties is acceptable to the Court.

Thank you for your consideration.

Counsel for Plaintiff Louis Vuitton and Defendant Contour

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.