**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., <br><br> Plaintiff, <br><br> vs. <br><br> CONTOUR 5151 ONH, LLC, a Georgia limited liability company d/b/a OLD NATIONAL DISCOUNT MALL; PRETAS DEDVUKAJ; ABC CORPS. 1-10; and JOHN DOES 1-10, individually, <br><br> Defendants. | Civil Action No. <br><br> 1:23-cv-02818-VMC |

## <u>CONTOUR 5151 ONH, LLC'S STATUS REPORT</u>

Pursuant to the Court's April 14, 2026 Order, Defendant Contour 5151 ONH, LLC ("Contour") respectfully submits this Status Report. Defendants Contour 5151 ONH, LLC ("Contour") and Plaintiff, through their counsel of record, met and conferred multiple times by phone and email in an effort to come to a mutual agreement on how to complete additional discovery, as ordered by this Court on April 14, 2026. Unfortunately, the Parties are at an impasse and cannot agree on a proper resolution, and so will need the Court's guidance.

Additionally, while the Parties had intended to submit a joint report, and were in fact in the process of preparing a joint report, Plaintiff's counsel has advised, by a 7:15 p.m. email, that they would not consent to a joint report due to Contour's intended inclusion of a memorandum from Nelson Mullins explaining its

1

investigation, which Plaintiff had not received until 5:21 p.m. along with Contour's proposed portion of the report (Contour itself did not receive this memorandum until 4:06 p.m.). Therefore, Defendant is submitting its own status report to comply with the deadline in the April 14, 2026 Order.

## I.     Introduction

Louis Vuitton has made it clear that it will settle for nothing less than being provided **<u>all</u>** text messages **<u>and</u>** emails collected by or provided to Nelson Mullins, withholding only those **<u>previously logged</u>** as privileged. Contour is equally firm on the position that it will not turn over all text messages, as these are from the personal phones and devices of its employees and contain incredibly sensitive and personal information not at all relevant to this litigation. Contour also believes there is no reason to delay this litigation further by re-creating email production when there has been no indication of any issues with the original production.

Contour's proposal, set forth below, to have Stites & Harbison's ("Stites") third-party e-discovery vendor, Array, reprocess the text message data to produce all relevant, responsive documents, if any are found, was also rejected by Louis Vuitton.

## II.     Status of Investigation

Nelson Mullins, Contour's former counsel, has undertaken an investigation to determine how the omission of certain text message threads occurred and has identified that certain documents were missed in the initial processing due to

miscommunications between Nelson Mullins and its e-discovery team. The results of this investigation and future proposals are set forth in the memo attached as Exhibit "A."

Critically, Nelson Mullins confirms that this was an entirely internal issue within Nelson Mullins and its communications with its e-discovery team. Contour was not involved in these communications and did not direct any part of this process. Contour's devices were fully and properly collected and the production mistake was entirely unrelated to Contour.

Equally critically, Nelson Mullins confirms that these miscommunications and the processing errors arising therefrom were the result of simple error—a mistake in communication that caused some documents to inadvertently not be processed for attorney review. This mistake was not done intentionally to deprive Louis Vuitton of any discovery, nor was it done willfully or in bad faith. This is simply an error, which Contour and its former and current counsel are now working to correct.

### III.    Contour's Discovery Proposal

As stated above, Nelson Mullins believes it has identified, and is continuing to confirm, any text messages it believes were missed in discovery and is working to produce those missing documents. However, Contour's current counsel are of the opinion, in order to double check and best confirm that all missing texts are

produced, that Stites's third-party e-discovery vendor, Array, should process the text message data and identify all text chains potentially responsive pursuant the original discovery agreement negotiated between the Parties. These will then be checked and de-duplicated against text chains already reviewed and produced, and all texts not previously reviewed will be reviewed by Stites, again pursuant to discovery rules and the text message protocol agreed between the Parties. Any texts so reviewed and found to be relevant and responsive would be produced to Louis Vuitton. Louis Vuitton could then take any appropriate additional depositions of custodians of any newly produced text messages, limited to questions about any newly-produced documents. Array has already loaded all cell phone data and was ready to begin this process, but work was paused due to Louis Vuitton's objections.

Louis Vuitton has raised concerns about Stites, as Contour's current counsel, doing this review and analysis and has demanded that Louis Vuitton's counsel be provided all texts and emails to conduct its own relevance review. For the reasons stated below, Stites opposes this. However, as a compromise, Stites would agree, and has offered, to allow a mutually agreeable third-party e-discovery vendor to perform the processing and determine whether, pursuant to the terms of the text message protocol, any responsive text messages were collected but not reviewed and produced. Additionally, the Court could appoint a Special Master to review all such responsive texts not originally processed and reviewed. Contour believes that it will

be much more efficient, both in terms of time and costs, to have Stites and Array handle this, especially as Array already has the documents loaded and ready for analysis; though, Contour would agree to a neutral third party to resolve this dispute.

What Contour will not agree to is a full and complete production of its officers' and employees' personal, private text message data to Louis Vuitton's counsel. This would include not just completely irrelevant texts unrelated to this litigation, or even Contour and its affiliate companies generally, but also incredibly private, personal text communications, such as health communications, family communications (including communications about minors), and other highly sensitive communications, photos, recordings, and other private data. Nothing in the federal discovery rules allows Louis Vuitton or its counsel to receive every communication or other document of anyone related to a defendant to decide for itself what it thinks is relevant.

Rule 26(b)(1) states that "Parties may obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim** or defense **and proportional to the needs of the case**." Fed. R. Civ. P. 26(b)(1) (*emphasis added*). The Rule does not suggest that Louis Vuitton or its counsel may obtain all data and filter for relevance itself. Louis Vuitton's counsel, in its calls with Contour's counsel, has stated that any privacy concerns are irrelevant because there is a protective order in place. However, the protective order is designed to address

confidential information otherwise relevant and responsive.  None of the non-party individuals involved signed the protective order, and certainly no one had the intent that all individual personal privacy concerns were waived.

The United States Supreme Court has made it clear that cell phones hold "the privacies of life" and a demand for unfettered access to a person's cell phone raises serious privacy concerns. *See Riley v. California*, 573 U.S. 373, 394-95, 403 (2014); *see also Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-03129-CAP, 2021 WL 2476470, at *5 (N.D. Ga. May 14, 2021) (discussing the application of *Riley* in civil contexts in the Eleventh Circuit). Louis Vuitton requests unfettered access to every single byte of data that existed on the personal cell phone phones of six individuals at the time of collection. Five of these individuals are non-parties to this litigation, and the other was not a party at the time of collection by Contour's former counsel. These individuals willingly gave their cell phones to Nelson Mullins for forensic collection. This is already a sacrifice of their right to privacy and an expression of trust in the judicial system. To now order that these forensic collections be entirely turned over to *opposing* counsel is an incredible invasion of privacy and a betrayal of that trust.

This invasion is particularly concerning because the overwhelming majority of what would be handed over has no connection to the claims at issue. *See Robinson v. Payne*, No. 6:23-CV-1313-PGB-LHP, 2025 WL 2687185, at *4 (M.D. Fla. Sept.

19, 2025) (reasoning that an opposing party's demand for an *in toto* inspection of cell phones for all data "sweeps too far"). Louis Vuitton's demands for unlimited access to six people's personal affairs is exactly the sort of request which this Court has called "overbroad and unacceptably annoying." *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-03129-CAP, 2021 WL 2476470, at \*6 (N.D. Ga. May 14, 2021) (*citing Martinez v. Rycars Const., LLC*, No. CV410-049, 2010 WL 4117668, at \*2 (S.D. Ga. Oct. 18, 2010)).

Even where there are allegations that documents have been improperly withheld, turning over a cell phone collection in its entirety is simply not warranted. *Compare Ranton v. Quest Diagnostics*, No. CV 22-2636 (RMB/MJS), 2024 WL 3092024, at \*3 (D.N.J. June 21, 2024) (finding that, even where there are accusations that text messages have been improperly withheld, turning over a cell phone collection of non-party employees was not warranted) *and Robinson v. Payne,* No. 6:23-CV-1313-PGB-LHP, 2025 WL 2687185, at \*5 (M.D. Fla. Sept. 19, 2025) (ruling that turning over a cell phone for inspection is not warranted when a party is willing to comply with more targeted, reasonable searches) *with Hernandez v. Thomas*, No. 2:22-CV-66, 2024 WL 3511640, at \*6 (S.D. Ga. July 23, 2024) (granting a motion to compel additional review of a party's cell phone where there was *evidence* to support allegations that the party themselves committed perjury and discovery abuses.)

Regarding Louis Vuitton's request for all emails collected from Contour, Contour again believes that nothing in the discovery rules allows a plaintiff full and unrestricted access to any and all emails, regardless of relevance and responsiveness or other confidentiality or privilege[1] concerns, especially when such company emails may include information related to affiliate, nonparty companies. Further, while Contour will concede that its and Nelson Mullins' investigation has been limited to the missing text messages, there has been absolutely no indication thus far as to issues with Contour's previous email production. Redoing the text message production will itself take some time, but adding a complete re-do of the email production, whether through Stites and its vendor or an agreed upon third party vendor and Special Master, will only further delay this process.

## CONCLUSION

The Parties have been unable to reach a compromise on these issues. The Parties therefore request guidance from the Court on how to proceed with discovery at this point. Once that is clarified, the Parties will be better situated to provide both a timeline of remaining discovery and proper availability for the evidentiary hearing.

---

[1] Again, Louis Vuitton suggests that only documents previously identified and logged as privileged should be withheld from the demanded production of Contour's entire email collection. This would open Contour and its affiliated companies to potential waiver of privilege of previously unidentified, wholly irrelevant documents.

8

Respectfully submitted, this 28th day of April, 2026.

/s/ Julie C. Cahill
Thomas J. Mihill
Georgia Bar No. 001363
Julie C. Cahill
Georgia Bar No. 380547
STITES & HARBINSON, PLLC
303 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30308
(404) 739-8800
tjmihill@stites.com
jcahill@stites.com
*Attorneys for Defendant*
*Contour 5151 ONH, LLC*

## CERTIFICATE OF COMPLIANCE AS TO FONT SIZE

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing Motion complies with the font and point selections approved by the Court in Local Rule 5.1(C).  The foregoing was prepared on a computer using Times New Roman font (14 point).

/s/ Julie C. Cahill
Julie C. Cahill
Georgia Bar No. 380547

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, a true and correct copy of the foregoing

motion was served via the Court's electronic filing system on all counsel of record.

*/s/ Julie C. Cahill*
Julie C. Cahill
Georgia Bar No. 380547