# EXHIBIT A

**Memorandum**

| | |
|---|---|
| To: | TJ Mihill, Stites & Harbison PLLC |
| From: | Lucas A. Westby on behalf of Nelson Mullins Riley & Scarborough LLC |
| Date: | April 28, 2026 |
| Re: | **Issues Related to Promotion of Text Messages to Relativity in the Matter of Louis Vuitton Mallatier S.A.S. v. Contour 5151 ONH, LLC, et al.; Case No. 1:23-cv-02818-VMC; Pending in the United States District Court for the Northern District of Georgia** |

Nelson Mullins Riley & Scarborough LLP ("Nelson Mullins") apologizes to the Court that the Court is having to devote its time to these issues. Nelson Mullins also extends its apologies to the parties and their counsel.

## I. BACKGROUND

1. Nelson Mullins formerly represented Defendant Contour 5151 ONH, LLC ("Contour") in a case brought by Louis Vuitton Malletier S.A.S. ("Louis Vuitton") alleging, *inter alia*, that Contour was liable for contributory trademark infringement due to the sale of counterfeit Louis Vuitton goods by vendors at a discount mall located on a property owned by Contour.

2. Nelson Mullins moved to withdraw on May 30, 2025. (Dkt. No. 118.) That motion was granted on June 30, 2025. (Dkt. No. 127.)

3. Stites & Harbison PLLC ("Stites") appeared in the case as new counsel on behalf of Contour on July 30, 2025. (Dkt. No. 130.)

4. During the course of discovery, and while Nelson Mullins was still counsel of record for Contour, Louis Vuitton and Contour had numerous discovery disputes. Some were negotiated by the parties and resolved. Others were raised for the Court under the Court's Standing Order and decided by the Court.

5. One such discovery dispute related to the scope of the collection, review, and production of text messages from Contour Custodians. This memorandum does not set forth the full back-and-forth between the parties, because the communications are voluminous. Instead, a summary is provided below.

6. Nelson Mullins collected data from six Contour Custodians in the spring and summer of 2024[1]:

---

[1] Throughout this memo, two terms related to the collection and review of text messages are used. The term "Custodians" refers to the six individuals whose devices Nelson Mullins Collections

a.    Pete Dedvukaj ("Pete");

b.    David Dedvukaj ("David"), Pete's son;

c.    Nora Prekelezaj ("Nora"), Pete's daughter;

d.    Latasha Dia;

e.    Carla Henderson; and

f.    Marcus Foucha.

7.    In or about June of 2024, a dispute arose between Louis Vuitton and Contour regarding the scope of the production of text messages by Contour.

8.    Throughout July and August of 2024, counsel exchanged numerous letters and emails and met and conferred telephonically on the issues.

9.    On September 6, 2024 the parties submitted a negotiated text message review protocol to the Court by email with a small number of disputed issues for the Court to resolve. A copy of that protocol is attached to this memo as Exhibit 1 and summarized below.

a.    The first section of the negotiated protocol noted that Contour had collected text messages from and would review text messages from the six Custodians identified above.

b.    The second section listed twenty-one Chat Participants, and memorialized that the parties agreed that Contour would review chats between those Chat Participants, any combination of those Chat Participants, and chats between the Chat Participants and "any unknown persons." The twenty-one Chat Participants also included the six Custodians.

c.    The third section described an agreement on how Contour would apply search terms during the review process.

10.    Nelson Mullins conducted its review of text messages in Relativity, an e-discovery software platform, and produced responsive text messages.

11.    However, due to apparent miscommunications between reviewing attorneys and the technical e-discovery team, certain data was not elevated to the Relativity workspace for attorney review. Further information is set forth in the section below. We are continuing to review this matter, and we will update as necessary if any new information comes to light, per our duty to the Court.

---

Specialists collected using a software tool called Cellebrite. The term "Chat Participants" refers to individuals with whom the Custodians exchanged text messages.

## II.    CURRENT STATUS

12.    Nelson Mullins was contacted in early April 2026 by Stites, inquiring about a text message that appeared on a custodian's mobile device but that did not appear in the Relativity database copied and transferred to Stites after Nelson Mullins withdrew and Stites was retained. Nelson Mullins had archived its own copy of the Relativity database after withdrawing, and it began investigating the issue.

13.    Since being contacted about the discrepancy described in Paragraph 12, Nelson Mullins attorneys and e-discovery specialists have undertaken a significant investigation into the implementation of the text message protocol to determine how that discrepancy occurred.

14.    It appears that there were three distinct issues that affected which text threads were loaded to Relativity for attorney review. All were inadvertent mistakes in an extremely large and fast-moving document review. Each are summarized below.

### Issue No. 1: Unknown Participants

15.    Due to an apparent miscommunication, for four Custodians (Pete, David, Ms. Prekelezaj, and Ms. Dia), only chats involving combinations of those same four individuals (*e.g.*, between Pete and David, or between Pete, David, and Nora, etc.) were elevated to Relativity for review. Despite the intent to include unknown participants, chats that included "any unknown persons"[2] were not moved to Relativity for attorney review. For all other Chat Participants in the list, save the four discussed in the next paragraph, chats including "unknown participants" were included and elevated to Relativity for attorney review.

### Issue No. 2: Missing Chat Participants

16.    Due to inadvertent omission, chats involving four of the twenty-one Chat Participants (Marshal Rhodes, Jack Weiss, Sargeant Hubert Brannon, and Major Hinton) were not comprehensively elevated to Relativity for review. Although chats involving those participants may have been in Relativity for review and possible production, those chats were elevated into Relativity because one or more of these four individuals were an "unknown person," as discussed above. If a chat with one of these four Chat Participants was loaded to Relativity, it was reviewed per the negotiated protocol.

### Issue No. 3: Confusion About Elevation of Text Messages to Relativity for Carla Henderson and Marcus Foucha

17.    Custodians Carla Henderson and Marcus Foucha were the first Contour witnesses deposed by Louis Vuitton. Due to apparent miscommunication, it was believed that *all* of these Custodians' text messages had been loaded to Relativity before the negotiation of the protocol. Thus, the protocol was applied to the text messages in Relativity. But it appears that belief—that

---

[2] As used in the protocol "unknown persons" meant any third person that was not an agreed-on listed Chat Participant. So, for example, if Pete and David (both Custodians and Chat Participants) were chatting with John Doe, that thread should have been moved from Cellebrite to Relativity.

*all* of Ms. Henderson and Mr. Foucha's text messages were in Relativity—resulted from miscommunication between review counsel and the e-discovery team. Consequently, it appears the protocol was not comprehensively applied to any chats for Ms. Henderson and Mr. Foucha that had not been previously elevated to Relativity.

## III.    Recommended Next Steps

18.    Nelson Mullins still has the original device collections for each of the six Custodians, and since learning of the discrepancy described in paragraph 12 above, it has pulled those collections, begun analyzing those collections, reviewed contemporaneous emails, and stood back up its archived original Relativity database to investigate further. After doing that, Nelson Mullins identified the three issues described above.

19.    Again, Nelson Mullins apologizes to the Court and the Parties for these issues, none of which were intentional. Nelson Mullins also is in a position to quickly complete the review of the text messages identified in the summaries of the three issues above, and it will do so at Nelson Mullins' own costs.

20.    To that end, Nelson Mullins has already reloaded into Relativity a full review set representing the entirety of the negotiated protocol. It is in the process of analyzing the difference between what was reviewed previously and what was not loaded to Relativity in 2024. Once that volume is identified, it can stand up a team of reviewers to complete the review and production. Nelson Mullins believes that it can complete the review and supplemental production in the time set forth below:

| EVENT | ANTICIPATED COMPLETION DATE |
|---|---|
| Reload original mobile chat data collections for 6 Custodians to Cellebrite and prepare export compliant with September 6, 2024 negotiated agreement between parties | COMPLETE April 24, 2026 |
| Pre-process mobile chat data for review in Relativity | COMPLETE April 24, 2026 |
| Process mobile chat data in Relativity | COMPLETE April 28, 2026 |
| Identify ≤500 message threads and >500 message threads in Relativity; with ≤500 threads being promoted for review/production and >500 being isolated for search term application prior to promotion for review/production | April 29, 2026 |
| Analyze and identify difference between updated mobile chat data in Relativity and previously loaded mobile chat data | May 7, 2026 |
| Use results of comparative analysis to stand up appropriate number of reviewers | May 8, 2026 |
| Conduct document review of population resulting from comparative analysis | May 22, 2026 |
| Produce remaining responsive chat data | May 27, 2026 |

4

# Exhibit 1

## Lucas Westby

| | |
|---|---|
| **From:** | Cara Brack |
| **Sent:** | Friday, September 6, 2024 2:54 PM |
| **To:** | Velma Shanks |
| **Cc:** | Carolyn McGee; Lucas Westby; Cayton Chrisman; Greg Taube; 'Allan, Michael'; Ecker, Joseph; Kwark, Candice; john@zacharialaw.com; jls_strongh2o.com |
| **Subject:** | RE: Louis Vuitton Malletier S.A.S. v Contour 5151 ONH, LLC et al, No 1:23-cv-02818-VMC: Request for Extension of M&C Deadline |

Dear Ms. Shanks,

The parties write to update the Court on the state of their meet and confer over the Text Message ESI Protocol.  The parties have made substantial progress toward agreement on an ESI protocol and only a few areas of disagreement remain.  The parties have reached agreement on the following:

### I.     **Custodians**:

Contour has collected text messages from and will review text messages from the following custodians:

1. Nora Prekelezaj
2. Latasha Dia
3. Pete Dedvukaj
4. David Dedvukaj
5. Carla Henderson
6. Marcus Foucha

### II.     **Chat Participants:**

The parties have agreed that Contour will review chats between the following chat participants, any combination of those chat participants, and chats between the chat participants and any unknown persons:

1. Nora Prekelezaj
2. Latasha Dia
3. Pete Dedvukaj
4. David Dedvukaj
5. Carla Henderson
6. Marcus Foucha
7. Greg Dickerson
8. Marshall Rhodes
9. Amanda Rivera
10. Joe Nathan
11. Andrew Arteaga
12. Antonio Carr
13. Craig Flashner
14. Sue Hill
15. Eli Mehler
16. Jack Weiss

1

17. Sergeant Hubert Brannon
18. Officer Conner*
19. Lieutenant Robinson*
20. Sergeant Fields*
21. Major Hinton

After a reasonable search, the parties were unable to ascertain the phone numbers for Officer Conner, Lieutenant Robinson, and Sergeant Fields. Their names have been added as search terms to capture communications with those individuals, should they exist. If the phone numbers for these law enforcement officials become available in the future, the parties agree that chats for those numbers will be included in chat participants.

**III.**      **Search Terms:**

The parties have reached an agreement on the application of search terms.  For all text threads that are 500 or fewer text messages in length, those threads be reviewed for responsiveness in their entirety.  For any threads that exceed 500 texts in length, search terms will be applied.  The parties have agreed on the following search terms:

| | |
|---|---|
| 1.   Louis Vuitton | 2.   Louis |
| 3.   Lewis | 4.   Louies |
| 5.   Viton | 6.   Vitton |
| 7.   LV | 8.   Old National |
| 9.   ONM | 10. ONDM |
| 11. Nati* | 12. the Mall |
| 13. Discount Mall | 14. Counterfeit* |
| 15. Fak* | 16. Infringe* |
| 17. Raid* | 18. search* |
| 19. Seize* | 20. Officer |
| 21. Sergeant | 22. Major |
| 23. Luxo* | 24. Arrest* |
| 25. "Warrant" | 26. Fulton |
| 27. law enforcement | 28. cop |
| 29. cops | 30. polic* |
| 31. fbi | 32. Investiga* |
| 33. Sherriff | 34. Sherrif |
| 35. Sherif | 36. Sher* |
| 37. Trademark | 38. Trademarked |
| 39. TM | 40. Crim* |
| 41. Evidence | 42. Brand* |
| 43. logo | 44. Vacate |
| 45. NTV | 46. Dupe |
| 47. Dupes | 48. Letter |
| 49. Mail | 50. Violat* |
| 51. Lawsuit | 52. sue* |
| 53. attorney | 54. atty |
| 55. lawyer | 56. Lock Out |
| 57. Market | 58. Evict* |

| | |
|---|---|
| 59. Termin* | 60. Suspect* |
| 61. Vendor* | 62. Booth* |
| 63. Brannon | 64. Conner |
| 65. Robinson | 66. Fields |
| 67. Hinton | 68. Hunter |
| 69. Security | 70. Gucci |
| 71. Nike | 72. Swoosh |
| 73. Burberry | 74. Chanel |
| 75. Dior | 76. Canada |
| 77. Hermes | 78. Bribe* |
| 79. Kickback | 80. Customs |
| 81. Cheap* | 82. Import* |
| 83. Knock* | 84. Ripoff |
| 85. replica | 86. Imitat* |
| 87. Cease | 88. Desist |
| 89. All first and last names of the chat participants | |

The parties understand that the application of search terms will be a collaborative process that may require additional meet and confer efforts depending on the results of the searches.

The parties are continuing to meet and confer on the few remaining areas of disagreement, which include (1) the addition of another custodian, Joe Nathan and (2) individual review of all images in text threads with greater than 500 texts, separate from and in addition to review of texts that hit on search terms from those text threads. The parties intend to continue to meet and confer on these two points to see if an agreement can be reached. We request that the Court grant us an extension until Wednesday to finish conferring on these remaining issues.

Thank you,
Cara Brack

**From:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Sent:** Tuesday, September 3, 2024 9:02 AM
**To:** Cara Brack <cara.brack@nelsonmullins.com>
**Cc:** Carolyn McGee <carolyn.mcgee@nelsonmullins.com>; Lucas Westby <Lucas.Westby@nelsonmullins.com>; Cayton Chrisman <cayton.chrisman@nelsonmullins.com>; Greg Taube <greg.taube@nelsonmullins.com>; 'Allan, Michael' <mallan@steptoe.com>; Ecker, Joseph <jecker@steptoe.com>; Kwark, Candice <ckwark@steptoe.com>; john@zacharialaw.com; jls_strongh2o.com <jls@strongh2o.com>
**Subject:** RE: Louis Vuitton Malletier S.A.S. v Contour 5151 ONH, LLC et al, No 1:23-cv-02818-VMC: Request for Extension of M&C Deadline

**External Source/Sender notice**                                    Report Suspicious
Use caution responding or clicking links/attachments.

Received, thank you.

**Warm Regards,**

**Velma Shanks**
**Courtroom Deputy Clerk**
**To the Honorable Victoria M. Calvert**
**United States District Court NDGA**
**404-215-1394**

**Your Attitude Determines Your Altitude!**

---

**From:** Cara Brack <cara.brack@nelsonmullins.com>
**Sent:** Friday, August 30, 2024 2:14 PM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Cc:** Carolyn McGee <carolyn.mcgee@nelsonmullins.com>; Lucas Westby <Lucas.Westby@nelsonmullins.com>; Cayton Chrisman <cayton.chrisman@nelsonmullins.com>; greg.taube_nelsonmullins.com <greg.taube@nelsonmullins.com>; 'Allan, Michael' <mallan@steptoe.com>; Ecker, Joseph <jecker@steptoe.com>; Kwark, Candice <ckwark@steptoe.com>; john@zacharialaw.com; jls_strongh2o.com <jls@strongh2o.com>
**Subject:** RE: Louis Vuitton Malletier S.A.S. v Contour 5151 ONH, LLC et al, No 1:23-cv-02818-VMC: Request for Extension of M&C Deadline

==**CAUTION - EXTERNAL:**==

Dear Ms. Shanks,

The parties have made significant progress regarding a protocol for the production of text messages; however, the parties need additional time to test and agree to search terms and other final matters.  The parties request an additional one week in order to finalize our agreement.  The parties are mindful of the jointly proposed September 16th substantial completion of document production deadline and do not believe that further meet and confer efforts will interfere with the substantial completion deadline.

Thank you,

Cara Brack

---

**From:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Sent:** Friday, August 23, 2024 2:16 PM
**To:** Cara Brack <cara.brack@nelsonmullins.com>
**Cc:** Carolyn McGee <carolyn.mcgee@nelsonmullins.com>; Lucas Westby <Lucas.Westby@nelsonmullins.com>; Cayton Chrisman <cayton.chrisman@nelsonmullins.com>; Greg Taube <greg.taube@nelsonmullins.com>; 'Allan, Michael' <mallan@steptoe.com>; Ecker, Joseph <jecker@steptoe.com>; Kwark, Candice <ckwark@steptoe.com>; john@zacharialaw.com; jls_strongh2o.com <jls@strongh2o.com>
**Subject:** RE: Louis Vuitton Malletier S.A.S. v Contour 5151 ONH, LLC et al, No 1:23-cv-02818-VMC: Request for Extension of M&C Deadline

Good afternoon counsel,

The one-week extension is fine with the Court.  No joint motion is necessary.

**Warm Regards,**

**Velma Shanks**
**Courtroom Deputy Clerk**
**To the Honorable Victoria M. Calvert**
**United States District Court NDGA**
**404-215-1394**

**From:** Cara Brack <cara.brack@nelsonmullins.com>
**Sent:** Friday, August 23, 2024 10:14 AM
**To:** Velma Shanks <Velma_Shanks@gand.uscourts.gov>
**Cc:** Carolyn McGee <carolyn.mcgee@nelsonmullins.com>; Lucas Westby <Lucas.Westby@nelsonmullins.com>; Cayton Chrisman <cayton.chrisman@nelsonmullins.com>; greg.taube_nelsonmullins.com <greg.taube@nelsonmullins.com>; 'Allan, Michael' <mallan@steptoe.com>; Ecker, Joseph <jecker@steptoe.com>; Kwark, Candice <ckwark@steptoe.com>; john@zacharialaw.com; jls_strongh2o.com <jls@strongh2o.com>
**Subject:** Louis Vuitton Malletier S.A.S. v Contour 5151 ONH, LLC et al, No 1:23-cv-02818-VMC: Request for Extension of M&C Deadline

<mark>**CAUTION - EXTERNAL:**</mark>

Dear Ms. Shanks,

Per the Court's Order dated August 7, 2024, the parties were ordered to meet and confer on a proposed text message protocol and, if no resolution is met, submit competing proposed protocol to the Court by today, August 23rd.  The parties have participated in several meet and confers but require additional time to reach a resolution on this issue.  Accordingly, the parties respectfully request that the Court grant a one-week extension of the meet and confer deadline to next Friday August 30, 2024.  If the Court wishes for the parties to file a joint stipulation or a motion on the docket, the parties will do so.

Thank you,
Cara Brack

 **NELSON MULLINS**

**CARA BRACK  ASSOCIATE**
cara.brack@nelsonmullins.com

**SIX PPG PLACE | SUITE 700**
**PITTSBURGH, PA 15222**
T 412.730.3264   F 412.567.9241
**NELSONMULLINS.COM   VCARD   VIEW BIO**

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

6