**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S.,<br><br>                           Plaintiff,<br><br>        vs.<br><br>CONTOUR 5151 ONH, LLC, a Georgia limited liability company d/b/a OLD NATIONAL DISCOUNT MALL; PRETAS DEDVUKAJ; ABC CORPS. 1-10; and JOHN DOES 1-10, individually,<br><br>                           Defendants. | Civil Action No.<br><br>1:23-cv-02818-VMC |

**PLAINTIFF'S STATUS REPORT CONCERNING SPOLIATION HEARING**

Pursuant to the Court's April 14, 2026 Order, Plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton") submits this status report concerning rescheduling the spoliation hearing and additional discovery needed in advance. Unfortunately, and as explained below, just before 6pm this evening, Louis Vuitton received an eleven-page memorandum prepared by Nelson Mullins (Contour's former counsel) and a separate brief exceeding seven pages from Stites & Harbison (Contour's current counsel) providing *for the first time* additional detail as to its ongoing "investigation" of the facts that necessitated continuing the spoliation hearing. This information should have been provided to Louis Vuitton long before the end of the day the joint submission was due. In fact, Louis Vuitton has been seeking any meaningful detail about the status of the investigation, which has by in large

1

remained a mystery (even after multiple meet and confers), since the continued evidentiary hearing.

True to Contour's form, Louis Vuitton had no warning this detail was coming at any time let alone so late on the date of the Court's requested status report.  The lack of transparency and yet another eleventh hour delay by Contour has made a joint submission impossible and has continued to prejudice Louis Vuitton.

By way of background, Louis Vuitton agreed to file a joint motion with Contour to continue the April 21–22 evidentiary hearing based on Contour's representation just before the scheduled hearing that it had identified multiple deficiencies connected to the discovery misconduct raised in Louis Vuitton's Motion for Sanctions and Supplemental Sanctions Brief. Louis Vuitton was further assured that transparency would be provided on these serious and concerning discovery failures, including issues involving text messages, emails, ESI, and potentially hard-copy documents.  None of that has occurred.  Louis Vuitton repeatedly demanded details of supposed "investigations" being conducted by Contour's counsel over email and in multiple meet and confers over the last several weeks, but no details were provided.  In fact, and as discussed on these meet and confers, this entire saga has only raised questions and answered none.

After business hours today on April 28, 2026—days after the parties' second meet and confer on April 24, 2026 and after Louis Vuitton provided Contour with its

section of a proposed Joint Statement—Contour provided additional details of this alleged "investigation" and Contour's proposed path forward for the first time. These materials and details of the investigation contained therein were never disclosed, referenced, or even hinted at before today or during the April 24 meet and confer, despite Louis Vuitton's repeated inquiries. They raise new arguments, factual assertions, and alleged explanations that Louis Vuitton has not seen and has had no opportunity to meaningfully consider and respond. Surely, Contour and both its current and former counsel were aware of the details of the investigation (and the information contained in the Nelson Mullins memorandum) prior to today but chose not to disclose them, despite knowing of today's deadline to provide position statements.

Contour's dilatory tactics have permeated this entire case and are now heating up as the spoliation reality sets in. Louis Vuitton will not further describe Contour's latest actions and how troubling this all is as the facts speak for themselves. Suffice it to say, in order to have a meaningful joint statement to provide to the Court, Louis Vuitton must have the opportunity to absorb, verify, and respond to brand-new details on Stites and Harbison and Nelson Mullins' "investigation" or provide a proposed path forward for completing discovery. It cannot do so because Contour chose to withhold whatever details it sought to share today until the last possible moment. These are clear efforts to delay the sanctions hearing.

Louis Vuitton also desires for the sanctions evidentiary hearing to be scheduled and take place as soon as is practicable, but it cannot provide availability or suggested dates today given Contour and its counsel's conduct.

Louis Vuitton is actively reviewing the new information disclosed by Contour for the first time after business hours today and respectfully requests that the Court provide Louis Vuitton until May 1 to evaluate this late provided information and supplement its status update to the Court.

Dated: April 28, 2026                    Respectfully submitted,

                                         /s/ Michael J. Allan
                                         Michael J. Allan (*pro hac vice*)
                                         Joseph F. Ecker (*pro hac vice*)
                                         STEPTOE LLP
                                         1330 Connecticut Avenue, NW
                                         Washington, DC 20036
                                         mallan@steptoe.com
                                         jecker@steptoe.com
                                         (202) 429-3000

                                         John H. Zacharia (*pro hac vice*)
                                         ZACHARIA LAW PLLC
                                         1701 Pennsylvania, Avenue, NW
                                         Suite 200
                                         Washington, DC 20006
                                         john@zacharialaw.com
                                         (202) 845-5091

                                         Jay L. Strongwater
                                         Georgia Bar No. 688750
                                         STRONGWATER & ASSOCIATES
                                         1360 Peachtree Street

4

Atlanta, GA 30309
jls@strongh2o.com
(404) 872-1700

*Attorneys for Plaintiff*
*Louis Vuitton Malletier S.A.S.*

## <u>CERTIFICATE OF COMPLIANCE AS TO FONT SIZE</u>

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing Motion complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared on a computer using Times New Roman font (14 point).


*/s/ Michael J. Allan*
Michael J. Allan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2026, a true and correct copy of the foregoing

motion was served via the Court's electronic filing system on all counsel of record.

<u>*/s/ Michael J. Allan*</u>
Michael J. Allan

7