**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S.,<br><br>Plaintiff,<br><br>v.<br><br>CONTOUR 5151 ONH, LLC, a Georgia limited liability company d/b/a OLD NATIONAL DISCOUNT MALL: PRETAS DEDVUKAJ: ABC CORPS. 1- 10: and JOHN DOES 1-10, individually,<br><br>Defendants. | Civil Action No.<br>1:23-cv-02818-VMC |

**ORDER**

This matter is before the Court on the parties' Joint Status Report. (Doc. 191). In the Report, the parties raise two main issues. First, the parties recently learned through a declaration provided by Lucas Westby of Nelson Mullins, Contour's previous counsel, that Nelson Mullins did not collect or preserve emails from all Contour document custodians using the same methodology used for text collection or even for all email custodians.[1] Louis Vuitton proposes that full .PST files of all email custodians other than Marshal Rhodes be collected so that they

[1] Although it was not filed, the parties appear to agree on the substance of Mr. Westby's declaration.

can be searched. The relevant email custodians are Peter Dedvukaj, Latasha Dia, Carla Henderson, David Dedvukaj, Nora Prekelezaj, and Joseph Nathan. The Court agrees with Louis Vuitton.[2] Contour is therefore **DIRECTED** to collect the full .PST files of the listed email custodians. Once the files are collected, Array is **DIRECTED** to run the privileged search terms and promptly provide the non-privileged documents to Louis Vuitton in accordance with the parameters set forth in the Court's May 8 Order. (*See* Doc. 187 at 2).

Second, Louis Vuitton objects to the following proposed additional general privilege terms: Attorney*, Lawyer*, Counsel, Council, Law Firm*, Law*, Case*, Judge*, Plaintiff*, Defendant*, and Court*. Besides Attorney* and Lawyer*, the Court agrees that the search terms are facially overbroad and unnecessary given the more specific privilege terms the parties have agreed upon. Any concerns that Contour may have with respect to inadvertent disclosure are addressed by the protective order, Louis Vuitton's agreement to not seek a privileged waiver for any privileged materials that might be inadvertently produced, and Louis Vuitton's agreement not to use any irrelevant, but privileged information that may be inadvertently produced. Therefore, Louis Vuitton's objections are **GRANTED**

---

[2] Upon reviewing the April 2024 email (Doc. 122-36), the Court is inclined to believe that the parties did agree upon search terms for emails. However, considering all the issues that have arisen, Louis Vuitton's concern about whether those search terms were applied correctly is valid. Allowing Louis Vuitton to run the search terms alleviates this concern.

**IN PART** and **DENIED IN PART**. The privileged terms should include Attorney* and Lawyer* but may not include the remaining proposed terms.

**SO ORDERED** this 1st day of June, 2026.

Victoria Marie Calvert
United States District Judge